## WILLIAMS v. THE WASHINGTON LIFE INS. CO.

Insurance: OF LIFE: PAYMENT OF PREMIUMS. Where a policy of life
insurance provided that if the premiums were not paid on or be-
fore the days mentioned in the policy for the payment thereof, at
the office of the company in the city of New York, or to agents
when they produce receipts signed by the president or secretary,
then the company should not be liable for the payment of the sum
insured, and that the policy should be void, it was *held*, that in order
to keep the policy alive the premium must in any event be paid on
the days named, to an agent, if such appeared and presented the
receipt, otherwise at the office of the company.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JUNE 16.

ACTION upon a life insurance policy made by the defend-
ant, March 1, 1869, insuring the life of Mary F. Williams,
the mother of plaintiff. The petition alleged the execu-
tion of the policy upon an agreed consideration, the death
of the insured, notice and proof thereof, and the failure
of defendants to pay. The answer admitted the execution
of the policy, the death and notice thereof, but alleged
the non-payment of the premiums as they became due
(specifying them), and the forfeiture of the policy thereby;
and also, that, subsequent to the execution and delivery of
the policy, in consideration of the repayment of all pre-

miums and expenses by the defendant to the insured, the policy was surrendered to defendant, and canceled. The cause was tried to a jury. The defendant, at plaintiff's request, produced the policy; the only parts thereof, upon which any question arises, are as follows: "This policy of insurance witnesseth, that the Washington Life Insurance Company, in consideration of the representations made to them in the application for this policy, and of the sum of $51 to them duly paid by the assured under this policy, to wit: Isabella Williams, daughter of Mary F. Williams, and of the annual premium of $51 to be paid on or before the first day of March in every year during the continuance of this policy, do insure the life of the said Mary F. Williams, of Dubuque, in the county of Dubuque, State of Iowa, in the amount of $2,500 (with participation in profits), for the term of her natural life; * * * * * if the said premiums shall not be paid on or before the days above mentioned for the payment thereof, at the office of the company in the city of New York (unless otherwise expressly agreed in writing), or to agents, when they produce receipts signed by the president or secretary, then, and in every such case, the company shall not be liable for the payment of the sum insured, or any part thereof, and this policy shall be null and void, and shall cease and determine, except in the case of the due surrender of this policy as herein provided."

The application stated that the "name of the person for whose benefit the insurance is applied for, is Isabella Williams; residence, Dubuque; relationship, daughter," and was signed "Isabella Williams by Florence Williams." The evidence showed that a few days after the application was forwarded to the company, a request for a change from annual to quarterly payments was also forwarded, and the change was granted by the company, and the first payment of premium on the delivery of the policy was a quarterly payment of $16.66. The weight of the evidence showed

that Mary F. Williams, the mother, whose life was insured, had some means of her own, and that she procured the policy with a view to a provision for her daughter, then quite young. The quarterly payment of $16.67, due on 1st of June, 1869, was also paid. On the 8th day of July, 1869, Mary F. Williams, in consideration of $40 paid to her by the company, surrendered the policy to the company, and acknowledged the same to be in full for all claims under it. No further premiums were paid, or other act done under the policy. Mary F. Williams died December 3, 1869. Under the instructions of the court, the jury found for the plaintiff; judgment accordingly. The defendant appeals.

*Shiras, Van Duzee & Henderson* for the appellant.

*Adams & Robinson* for the appellee.

COLE, J.— The court instructed the jury that, " by the terms of the policy, a mere omission to pay the premiums when due would not alone work a forfeiture; if a forfeiture of the policy is claimed for the non-payment of premiums, it must be shown that an agent of the company presented a receipt for the premiums to a person liable to pay it, and such person refused or neglected to make the payment thereof." This is assigned as error.

The language of the policy is: " If the said premiums shall not be paid on or before the days above mentioned for the payment thereof, at the office of the company in the city of New York (unless otherwise expressly agreed in writing), or to the agents when they produce receipts signed by the president and secretary, then, and in every such case, the company shall not be liable for the payment of the sum insured or any part thereof," etc. In our view, the true construction of this clause of the policy is, that the premiums are to be paid on the days fixed by the policy (as

amended by the agreement for quarterly payments) in any event; and the assured might pay, *on those days*, either at the office of the company in New York, or to agents; but the payment could only be made to such agents as should have and produce receipts therefor signed by the president or secretary — the receipts thus signed being evidence of the authority of the agents to receive the premiums.

This construction is in accord with the plain and ordinary meaning of the language used, with the uniform rule of insurance, requiring prompt and advance payments, and with even a technical construction of the language. The policy fixes *the time* for payment, and then says it may be made to the company or to agents when they produce receipts, etc. *When* means *at which time* (Bouv. Law Dic.). Payment may, therefore, be made to the company at the time fixed, or to agents *at which time*, to wit: the time fixed in the policy for the payment, they producing receipts, etc.

It being conceded that the premiums due on Sept. 1 and Dec. 1, 1869, were without excuse not paid nor offered to be paid, it is fatal to plaintiff's case. We need not, therefore, inquire whether the mother could or could not for a consideration surrender or cancel the policy. It having been done, and no objection made to it, no premiums paid or act done or claim made under the policy until after the death of the assured, the plaintiff cannot recover. It was error to give the instruction.

Reversed.