PENNSYLVANIA FIRE INSURANCE COMPANY OF PHILADELPHIA v. EMMA KITTLE.

*Forfeiture for additional insurance—Waiver.*

Where a policy contained a clause of forfeiture for additional insurance, evidence that such insurance was obtained because the insured understood that the original policy was invalid, was held irrelevant in an action on the policy. Breach of a contract is not excused by good faith. But the error of admitting such evidence was *held* to have been cured by an instruction that the policy was avoided by the additional insurance unless the breach of the condition had been waived.

In a suit on an insurance policy it is not error to admit evidence of the basis on which another company from which additional insurance had been obtained, had settled for the loss; such evidence does not prove the extent of the loss as against the defendant company, but shows what has been paid in reduction of its risk.

Forfeiture of a policy for additional insurance is waived, where the adjusting agent, with knowledge of such insurance, puts the insured to the expense of making up proofs of loss and requires him from time to time to correct them, without giving him to understand that the company will rely upon the forfeiture.

Where an insurance policy requires that in making proof of loss the written portion of any policy for additional insurance shall be set forth, the court cannot presume that the statement actually made does not substantially comply with the requirement, if the later policy is not in proof.

Error to Superior Court of Detroit.   Submitted June 7.   Decided June 11.

ASSUMPSIT.   Defendant brings error.

*D. C. Holbrook* for plaintiff in error.   An insurance policy is forfeited by taking additional insurance without the consent of the first insurer, where the policy makes it a ground of forfeiture, *N. Y. Cent. Ins. Co. v. Watson*, 23 Mich., 486; *Western Mass. Ins. Co. v. Riker*, 10 Mich., 279; *Security Ins. Co. v. Fay*, 22 Mich., 467; and the reason for taking such insurance is not admissible, *Westchester Ins. Co. v. Earle*, 33 Mich., 143; *Hibernia Ins. Co. v. O'Connor*, 29 Mich., 241.

*Julian G. Dickinson* and *Theodore Romeyn* for defendant in error.   A cause of forfeiture of insurance is waived, where although it is known to the company, the insured is put to the expense of making proof of loss, *Ins. Co. of N. A. v. Hope*, 58 Ill., 75; *Webster v. Phœnix Ins. Co.*, 36 Wis., 67; Wood on Fire Insurance, 837; *Dohn v. Farmers' Insurance Co.*, 5 Lans., 275; *McBride v. Republic F. Ins. Co.*, 30 Wis., 562; *Lycoming F. Ins. Co. v. Dunmore*, 75 Ill., 14; the question whether the conduct of the insurer did not amount to a waiver is properly given to the jury, *Peoria M. & F. Ins. Co. v. Hall*, 12 Mich., 202; *Whitwell v. Putnam F. Ins. Co.*, 6 Lans., 166; *Shearman v. Niagara Ins. Co*, 46 N. Y., 531; *Pelkington v. Nat. Ins. Co.*, 55 Mo., 172; *Viele v. Germania Ins. Co.*, 26 Ia., 9; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136; *Hayward v. Nat. Ins. Co.*, 52 Mo., 181; *Vroman v. Darrow*, 40 Ill., 171; *Rohrback v. Ætna Ins. Co.*, 62 N. Y., 613; *Pechner v. Phœnix Ins. Co.*, 65 N. Y., 195; *Van Schoick v. Niagara Ins. Co.*, 68 N. Y., 434; *Walker v. Metropolitan Ins. Co.*, 56 Me., 371; *Gans v. Ins. Co.*, 43 Wis., 108.

COOLEY, J.   No question is made in this case upon the policy issued by the plaintiff in error to Mrs. Kittle,

or upon the loss by fire of the property insured. It is claimed, however, that the policy became void by the taking out of another insurance on the same property without the consent of or notice to the plaintiff in error, and also that the proofs of loss are insufficient. Some errors in the admission of evidence are also assigned.

I. The date of the policy in suit was February 4, 1876, and it contained a provision that it should become void in case of subsequent insurance not assented to. The plaintiff below put in evidence a policy covering the same property, issued by the Citizens' Fire Insurance Company of New Jersey, dated November 1, 1876. She was then allowed to give evidence that the reason for obtaining the second insurance was that she had been advised the first was invalid because the policy was not countersigned by the agent who issued it.

The court was plainly in error in receiving this evidence. The provision regarding subsequent insurance was an important part of the contract between the parties, and if it was disregarded, the motive was immaterial. The absence of any purpose to defraud cannot excuse the breach of a contract. The insurance company therefore had a right to rely upon the second insurance as a forfeiture of the first. But whether the court did not cure the error committed in the reception of this evidence will be seen further on.

II. The plaintiff claimed a loss which, if apportioned between the two companies according to the amount insured by each, would be paid by them in the proportion of nine-sixteenths by the Pennsylvania company and seven-sixteenths by the New Jersey company. Against objection she was allowed to show that the New Jersey company settled with her on the basis of a loss of $1400, and paid seven-sixteenths of that sum. We see no error in admitting this evidence. Indeed it was essential. It proved neither the loss itself nor the extent of it as against the Pennsylvania company; it showed only what had been paid in reduction of their risk. If

the loss should prove to be less, the latter company would of course reduce its liability in proportion.

III. The court instructed the jury that the taking out of the second policy avoided the first unless the breach of the condition on that subject was waived by the Pennsylvania company afterwards.    This instruction, we think, cured any error in the reception of evidence of the reasons which induced Mrs. Kittle to negotiate the second insurance.    When the jury were told the first was thereby avoided, that evidence was put aside as irrelevant, and we do not perceive that it could possibly have injured the defendant.

IV. The question of waiver was submitted to the jury as one of fact, and they appear to have found that there was a waiver.    The facts submitted were that after the loss the adjusting agent of the defendant called upon the plaintiff, and after investigation made an offer to pay, by way of compromise, $375, at the same time objecting to the taking out of the second insurance; that this offer was declined, and the agent went away, and soon after wrote the plaintiff that she might go on and make out her proofs, and the matter would then be taken into consideration; that subsequent correspondence took place between the agent and the plaintiff respecting the proofs, the former demanding more particularity in what was furnished, and it was not until six months after the offer for a settlement was made that the agent notified the plaintiff, who in the meantime had been endeavoring to make the proofs satisfactory, and to overcome the objections he was making thereto, that "in addition to the objections heretofore made," the defendant would insist upon the forfeiture because of the second insurance.

We think the jury were warranted in finding that the defendant, by calling upon the plaintiff to go on and make out her proofs, and by requiring her to be at the trouble and expense of correcting these to satisfy the criticism made by the agent, without giving her to understand the company would rely upon the forfeiture,

should be held to have waived it; and that if it was the purpose all the while to insist upon it, the agent did not act towards her in good faith. We also think the jury would have a right to infer from the final letter of the agent, that he understood the objection of forfeiture had not been insisted upon previously. *Gans v. Insurance Company,* 43 Wis., 108.

V. The remaining question relates to the sufficiency of the proofs of loss furnished by the plaintiff. The policy required that in case of other insurance the proofs of loss should set forth the written portion of the other policy. What was set forth here was the following: "One policy of insurance in the Citizens' Fire Insurance Company of New Jersey, covers the same property, to-wit: stock as set forth in the annexed deposition, $700; and on house, $800." It is said that this is not a copy of the written portion of the policy, and probably it is not; but as the policy was not in proof, we cannot tell whether the condition was substantially complied with or not. Neither can we presume error.

We think the case was fairly tried and no harmful errors committed, and the judgment must be affirmed with costs.

The other Justices concurred.