[No. 8652.  Department One. — May, 19, 1885.]

## SIMON SILVERBERG, Respondent, v. PHENIX INSURANCE COMPANY, Appellant.

FIRE INSURANCE — WAIVER OF FORFEITURE. — In an action upon a policy of fire insurance, it appeared that soon after the occurrence of the fire the defendant being notified of the fact, directed the proofs to be made out, which was done, and subsequently required the plaintiff to present witnesses and vouchers. After these witnesses and vouchers had been examined at length, the defendant said the proofs were satisfactory, instructed the plaintiff to make out formal proofs of loss, and said that the money would be paid at the expiration of the sixty days allowed by the policy for the payment of the loss. Nothing more was said by defendant until the expiration of that period, when, in response to a demand by the plaintiff for the money, defendant said the policy had been avoided by a breach of its conditions, and refused to pay. The defendant had full knowledge of all the facts when, after the examination of the witnesses and vouchers it expressed its satisfaction with the proofs and promised to pay the money. *Held*, that these acts on the part of the defendant constituted a waiver of any forfeiture by the plaintiff resulting from a breach of the conditions of the policy.

ID. — AUTHORITY OF AGENT. — The agents of the defendant were authorized, there being no provision in the policy to the contrary, to modify or altogether waive a condition of the policy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The condition of the policy with respect to the possession of the property was as follows: "If any change take place in title or possession (except in case of succession by reason of death of the assured) whether by legal process or judicial decree, or voluntary transfer or conveyance . . . . this policy is void."

Exhibit D referred to in the opinion was in the following form:—

"PLAINTIFF'S EXHIBIT D.

"Western and Southern Department.

"T. R. BURCH, *General Agent,*

"160 *La Salle St., Chicago.*

"*Phenix Insurance Company of Brooklyn.*

"March 21st, 1879.

"BROWN, CRAIG & Co., Agents, Pacific Coast:—

"Notice having been received that the property of the Pinal Mill & M. Co., ins'd under Ph. Pol. No. 51,408, F. Hall Pol. No. 12,349, and Lycg. Pol. No. 16,537, has been levied upon, but that the same is still in possession of and under charge of the said company, it is hereby agreed that the said policies shall continue and be in full force and effect, anything in the printed conditions of the same to the contrary notwithstanding.

"BROWN, CRAIG & Co.

"Gen'l Agents."

The remaining facts are stated in the opinion of the court.

*Clement, Osment & Clement,* for Appellant, cited *Shuggart* v. *Lycoming Insurance Co.* 55 Cal. 408; *Healey* v. *Imp. F. Ins. Co.* 5 Nev. 274; *Trask* v. *Ins. Co.* 29 Pa. St. 198; *Wharton* v. *Mo. Car. F. Co.* 1 Mo. App. 582, 583; *Thompson* v. *Insurance Company,* 104 U. S. 252; *Security Insurance Co.* v. *Fay,* 22 Mich. 471, 473; *Claflin* v. *Commonwealth Insurance Co.* 110 U. S. 94, 95; *Devens* v. *The Mechanics' and Traders' Insurance Co.* 83 N. Y. 168, 173; *Jewett* v. *Home Insurance Company,* 29 Iowa, 562.

*Robinson, Olney & Byrne,* and *H. J. Tilden,* for Respondent.

The agents of the defendant had authority to waive the forfeiture. (*Shafer* v. *Phenix Ins. Co.* 53 Wis. 361; *Insurance Co.* v. *Wilkinson,* 13 Wall. 222; *Pechner* v. *Phenix Ins. Co.* 65 N. Y. 195; *Marvin* v. *Universal Insurance Co.* 85 N. Y. 278; *Whited* v. *Germania Insurance Co.* 76 N. Y. 415; *Insurance Company* v. *Norton,* 96 U. S. 234; *Phenix Ins. Co.* v. *Doster,* 106 U. S. 34; *Young* v. *Hartford Insurance Co.* 45 Iowa, 378; *Wright* v. *Hartford Ins. Co.* 36 Wis. 522; *Gans* v. *St. Paul etc. Insurance Co.* 43 Wis. 112; *American etc. Ins. Co.* v. *McRae,* 8 Lea (Tenn.) 513; *Brandup* v. *St. Paul etc. Insurance Co.* 27 Minn. 393; *Richmond* v. *Niagara Fire Insurance Co.* 79 N. Y. 230; *Phenix etc. Insurance Co.* v.

*Hinsley*, 75 Ind. 1; *Fire Insurance Co.* v. *Building Associa-tion*, 43 N. J. L. 653; *Insurance Co.* v. *McLanathan*, 11 Kan. 583; *Westchester Fire Ins. Co.* v. *Earl*, 33 Mich. 143.) The defendant waived its right to insist upon any forfeiture. (*Phenix Ins. Co.* v. *Doster*, 106 U. S. 35; *Young* v. *Mutual Life Ins. Co.* 2 Sawy. 330; *Titus* v. *Glenn Falls Ins. Co.* 81 N. Y. 418; *Penn Ins. Co.* v. *Kittle*, 39 Mich. 54; *Gans* v. *St. Paul etc. Insurance Co.* 43 Wis. 109; *Fishbeck* v. *Phenix Ins. Co.* 54 Cal. 422; *Williams* v. *Hartford Ins. Co.* 54 Cal. 442; *Johnson* v. *Southern Mutual Life Ins. Co.* 79 Ky. 403; *Levy* v. *Peabody Ins. Co.* 10 W. Va. 560, 572, 583; *Farmers' etc. Ins. Co. Chestnut*, 50 Ill. 11; *Short* v. *Home Ins. Co.* 90 N. Y. 16; *Haight* v. *Continental Ins. Co.* 92 N. Y. 51; *Hill* v. *Hibernia Ins. Co.* 10 Hun, 29; *Webster* v. *The Phenix Ins.* Co. 36 Wis. 67; 17 Am. Rep. 479; *Insurance Co.* v. *Eggleston*, 96 U. S. 577.)

Ross, J. — It is unnecessary to decide many of the questions argued by counsel, for we are of opinion that the forfeitures relied on by appellant were waived. The policy in question was issued to insure the quartz mill and machinery of the Pinal Mill and Mining Company, situated in the territory of Arizona, and the loss was made payable to one Loomis. The fire occurred on the 2d of April, 1879. Soon afterwards the defendant was noti-fied of the fact. On the 17th of the same month Loomis gave an order on defendant to pay the loss to the plaintiff, which order was duly presented, and subsequently assigned the claim to plaintiff. Defendant directed the proofs to be made out, which was done, and subsequently required the plaintiff to present wit-nesses and vouchers. The witnesses, including the president and secretary of the company, were examined at length by defendant, as well as the vouchers, which consisted of the original receipted bills for materials, machinery, and labor in the construction of the mill. After all this the defendant said the proofs were satisfactory, instructed the plaintiff to make out formal proofs of loss, and said that the money would be paid at the expiration of the sixty days allowed by the policy for the payment of the loss. Nothing more was said by defendant until the expiration of that period, when in response to a demand by the plaintiff for the money defendant said the policy had been

avoided by breach of its conditions and refused to pay. The verdict includes a finding that defendant had full knowledge of all the facts when, after the examination of the witnesses and vouchers, it expressed its satisfaction with the proofs and promised to pay the money. The facts of the present case with respect to the question of waiver are much stronger against the insurance company than were the facts in the case of the *Penn. Ins. Co.* v. *Kittle*, 39 Mich. 54, where the court, through Cooley, J., said: "The question of waiver was submitted to the jury as one of fact, and they appear to have found that there was a waiver. The facts submitted were that, after the loss, the adjusting agent of the defendant called upon the plaintiff, and after investigation, made an offer to pay, by way of compromise, $375, at the same time objecting to the taking out of the second insurance; that this offer was declined, and the agent went away, and soon after wrote the plaintiff that she might go on and make out her proofs, and the matter would then be taken into consideration; that subsequent correspondence took place between the agent and the plaintiff respecting the proofs, the former demanding more particularity in what was furnished, and it was not until six months after the offer for a settlement was made that the agent notified the plaintiff, who in the meantime had been endeavoring to make the proofs satisfactory, and to overcome the objections he was making thereto, that 'in addition to the objections heretofore made,' the defendant would insist upon the forfeiture because of the second insurance. We think the jury were warranted in finding that the defendant, by calling upon the plaintiff to go on and make out her proofs, and by requiring her to be at the trouble and expense of correcting these to satisfy the criticism made by the agent, without giving her to understand that the company would rely upon the forfeiture, should be held to have waived it; and that, if it was the purpose all the while to insist upon it, the agent did not act towards her in good faith." To the same effect many cases might be cited, but it is unnecessary to do so.

The case of *Shuggart* v. *Lycoming Fire Ins. Co.* 55 Cal. 408, was put upon the ground that the policy contained an express provision that no agent was empowered to waive any of the conditions of the policy, either before or after loss, without express

authority in writing from the company. The policy in suit. contained no such provision. In the absence of such a provision the observations of the Supreme Court of the United States, in the case of the *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, are not inappropriate.

"It is well known," said the court, "so well that no court would be justified in shutting its eyes to it, that insurance companies organized under the laws of one State, and having in that State their principal business office, send these agents all over the land, with directions to solicit and procure applications for policies, furnishing them with printed arguments in favor of the value and necessity of life insurance, and of the special advantages of the corporation which the agent represents. They pay these agents large commissions on the premiums thus obtained, and the policies are delivered at their hands to the assured.

"The agents are stimulated by letters and instructions to activity in procuring contracts, and the party who is in this manner induced to take out a policy, rarely sees or knows anything about the company or its officers by whom it is issued, but looks to and relies upon the agent who has persuaded him to effect insurance as the full and complete representative of the company in all that is said or done in making the contract. Has he not a right to so regard him? It is quite true that the reports of judicial decisions are filled with the efforts of these companies, by their counsel, to establish the doctrine that they can do all this and yet limit their responsibility for the acts of these agents to the simple receipt of the premium and delivery of the policy, the argument being that, as to all other acts of the agent, he is the agent of the assured.

"This proposition is not without support in some of the earlier decisions on the subject; and, at a time when insurance companies waited for parties to come to them to seek assurance, or to forward applications on their own motion, the doctrine had a reasonable foundation to rest upon. But to apply such a doctrine, in its full force, to the system of selling policies through agents, which we have described, would be a snare and a delusion, leading, as it has done in numerous instances, to the grossest frauds, of which the insurance corporations receive the benefits, and the parties supposing themselves insured are the

victims. The tendency of the modern decisions in this country is steadily in the opposite direction. The powers of the agent are *prima facie* co-extensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals. An insurance company, establishing a local agency, must be held responsible to the parties with whom they transact business for the acts and declarations of the agent within the scope of his employment, as if they proceeded from the principal."

Under this rule, which we think the true one, the agents of the defendant were authorized — there being no provision in the policy to the contrary — to modify or altogether waive the condition of the policy with respect to the possession of the property, and there was no error in admitting in evidence Exhibit "D."

The jury was fairly instructed with respect to the law applicable to the facts.

Judgment and order affirmed.

McKEE, J., and McKINSTRY, J., concurred.