### OHIO FARMERS' INS. CO. V. E. L. BURGET.

1. REMOVAL OF GOODS WITH CONSENT OF COMPANY'S AGENT DOES NOT RENDER THE POLICY VOID.

> Where an insurance company insures the personal property of another, and the policy contains a clause, which in substance provides, that, "if any change takes place in the title, interest, location or possession of the property," that the "policy shall become void, unless consent in writing is endorsed by the company hereon," and the assured afterwards with the consent of the agent of such company removes the property described in such policy to another location, to which the agent assented and gave the assured to understand by his language that the policy would be continued in force and that the property would be covered by the policy in its new location, so that it was in fact covered by this policy : *Held*, that the fact that in the progress of removing the property to the new location, it was for a day or more kept at some other location, would not have the effect to prevent a recovery on this policy, the loss having occured at the location to which the agent assented to the removal of the property; and further, that the agent who had the authority to issue the policy and take the premium, might waive the provision in the policy, so that the company was bound notwithstanding the clause in such policy.

2. PROOF OF LOSS NOT NECESSARY WHEN THE COMPANY DENIES ALL LIABILITY.

> If an insurance company deny all liability, the proofs of loss are dispensed with, when the company had notice of the fire and declares that in no event will it pay, there is no necessity of proofs of loss ; and where it is shown that proofs of loss were prepared and sent by mail, there is no error in allowing recovery because of failure of the company to receive the proofs of loss. It was sufficient to mail them and a denial of all liability is sufficient to relieve one from proofs of loss.

MARVIN, J.

The case of The Ohio Farmers' Insurance Co. v. E. L. Burget, is brought here upon a petition in error to the court of common pleas.

The suit was brought in that court by E. L. Burget to whom the Farmers' Insurance Company had issued a policy of insurance upon certain household goods owned by the plaintiff below. The policy was issued on November 22, 1895. At the time the policy was issued the goods were in a house at No. 363 Prospect street in the city of Cleveland. Subsequent to the issuing of this policy, which was left until after the fire occurred by which the property was destroyed, with the agents King & Reed, by whom it was issued.

The assured, in February, 1896, removed to another part of the city, taking these goods,—to Winchester avenue. Shortly before moving to Winchester avenue, a portion of the goods insured, were removed for a few days and kept at a house on Huron street, and thereafter removed on February 4, 1896, to the house on Winchester avenue, and the fire occurred on the night of that day, resulting in the destruction of the property or a part of it, and, because of that state of facts, suit was brought and recovery was had.

It is said that there was error in the trial of the case; error in the over-ruling a motion which was filed, for a new trial.

9   O C D   24

The errors complained of consist chiefly in that the court allowed a recovery to be had notwithstanding a clause in the policy, which clause reads:

"If the assured is not the sole and unconditional owner of the property; or if any building intended to be insured stands on ground not owned in fee-simple by the assured; or if the interest of the assured in the property whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, is not truly stated in this policy; or if any change takes place in the title, interest, location or possession of the property (except in case of succession by reason of the death of the assured,) whether by sale, transfer or conveyance in whole or in part, or by legal process of judicial decree, or if this policy be assigned or transferred before loss. This policy shall become void, unless consent in writing is endorsed by the company hereon."

There was no consent in writing on the part of the company, that the location of these goods might be changed.

It is said that by reason of this clause in the policy and the fact that a change of location was made and no written consent entered upon the policy, the policy became, void. It is urged that the policy became void immediately upon the removal of the goods from No. 363 Prospect street to Huron street. That, from the evidence, was clearly a temporary removal. The goods were not destroyed while on Huron street. It probably would hardly be claimed, at least it could not, as I think, be successfully maintanied that if the goods for some reason had been removed to Huron street for a few days and then returned to No. 363 Prospect street and there destroyed by fire, that the company would not be liable; but the simple removal to Huron street and then taking back to the place where they were when the policy was issued, would not invalidate the policy and release the company from liability.

It will be found on examination of the authorities, that where there is a provision in the policy that where the premises insured become vacant the policy will become void, it is only in the case where the fire occurred during the time the property is thus vacant, that the company is relieved from liability.

So far as I have seen, in each case where a recovery has been denied on the ground that the clause in the policy providing that if the premises shall become vacant the policy shall become void, it is where the fire occurred during such vacancy; and the same reason would seem to establish the proposition that it could be only in the case that the property had been destroyed on Huron street, that the liability on the part of the company could be evaded because of such removal to that street.

The plaintiff, Burget, as is testified to both by herself and by Reed, called at the office of King & Reed, the agents from who this policy was obtained, to whom application was made and who, by the terms of the policy must sign it before it is valid. She represented on the day that she moved to Winchester avenue, to that office, to Mr. Reed, that she would move that day. She says she had expected to move but said nothing about having her goods stored at Huron street—she says she expected to move unless prevented by reason of storm. In fact, she did move that day. She testifies that Mr. Reed said to her when she said that she was about to move, "Very well, we will take care of you," or "You come in and we'll fix your policy for you." Mr. Reed says she stated that she was about to move, and he said that he would have to examine the place and determine what to do, but the jury evidently

believed she told what occurred, and that Mr. Reed was mistaken. But it is said that the language of the policy is such, even if that did occur and if Reed gave her to understand by his language that the policy would be continued in force, still he could not waive on behalf of the company this provision in the policy.

Exception is taken to the charge of the court on the right of the agent to waive this provision of the policy and the right to have the change made except it be endorsed in writing. In regard to this matter the court said:

"If this property was destroyed by fire on Winchester avenue, and if this is the same property described in this policy of insurance, and if its removal there was with the approval of the agent of this company; that is, if what occurred at the office of this company amounted to an assent of the company to have this property covered by the policy in its new location on Winchester avenue so that it was in fact covered by this policy, we think that the fact that in the progress of moving it, it was for a day or more kept at some house on Huron street, would not have the effect to prevent recovery in this case, and would not be a material fact in this case, so far as its determination by the jury is concerned."

That was excepted to. What has already been said shows we do not understand that there was any error in this language of the charge.

On the question of the consent to the removal which is complained of, the court said:

"It was the right of this company, to render it liable under this policy, to have endorsed in writing on the policy the consent of the company to a change, before liability would arise under the policy, growing out of a fire occurring and at changed locality. It had the right, I say, to have this in writing, but that if the agent of this company in substance informed the plaintiff that she might make this change, and that this endorsement on the policy could be made later, that she might bring the policy in at some time for the purpose of having this endorsement made, that would constitute a waiver on the part of the company to have that endorsement in writing on the policy before the change was made. So that it becomes important then, and becomes a queston of fact for your determination, what occurred between the agent of this company and this plaintiff the morning of the day, or the morning she called concerning this removal."

Now it is urged that this was error, because the agent under the terms of this policy could not make such a waiver. We think there was no error in that charge, and that the court was fully justified in what was said by what is said in Vol. XI of The American & English Encyclopedia of Law, (old edition,) 131, and the authorities there cited. Also 13 Wal., 222; 67 Cal., 36; Walsh v. Aetna Life Ins. Co., 30 Iowa, 133; 27 Wis., 693; and especially by the case of Niele v. Germania Life Ins. Co., 26 Iowa, 9.

The condition in this last case was that if the risk be increased by a change of occupation, etc.,—(It was a building that was insured), without written consent, the policy should be void. It was held that the agent who had the authority to issue the policy and take the premium, might waive the provision and a recovery be had.

The fourth clause of the syllabus reads: "A condition in a policy of fire insurance, that if the risk be increased by a change of occuption or other means within the control of the assured without the written consent of the insurers the policy shall be void; being inserted for the

benfit of the insurers, they may dispense with a compliance therewith or waive a forfeiture of the policy incurred by a breach thereof, and thereby become estopped from setting up such condition or breach in an action for a loss subsequently occurring."

The fifth clause reads: "And such waiver of the forfeiture arising from the breach of the condition need not be in writing, but may be by parol, at least in a case where the policy is not attested by the corporate seal of the company and is hence not a specialty."

The eighth clause reads: "A local agent of a foreign insurance company, clothed with authority to effect contracts of insurance to fix rates of premium, to give consent to the increase of risks and change of occupation of buildings insured to cancel policies on account of increase of risk, and exercise supervision over the property covered by policies issued at his agency, has power to dispense with conditions and waive forfeitures arising from a breach thereof, in the absence of any limitation upon his authority known to the assured."

The ninth clause reads: "The foregoing powers are necessary incidents of the general authority of the agent to effect contracts of insurance, conduct the business at his agency, and do all things necessary and proper in the prosecution thereof."

These several propositions are thoroughly reasoned out in an elaborate opinion in the case, prepared by Mr. Justice Beck, and this opinion is followed by a very valuable note prepared by John N. Rogers, Esq. Other authorities are to the same effect, and we think fully justify the position that a waiver may be given by the agent so that the company may be bound not withstanding the clause in this policy.

Another error complained of in this case is that the conditions as to the proofs of loss were not complied with.

The plaintiff testifies that she made out proofs of loss and sent them by mail to the company; the officers of the company testify such proofs were never received.

A witness by the name of Canfield testifies that he prepaired proofs of loss for plaintiff and they were sworn to before him; but, in any event, the plaintiff testifies that immediately after the fire or shortly after the fire she reported the loss to King & Reed, and also a Mr. Beecher, and Mr. Beecher testifies that he is general agent for the company. The plaintiff testifies that Mr. Beecher told her there was no liability on the part of the company. Mr. Beecher is put on the stand and does not deny it; he is not asked about it.

Now it is well settled that if the company deny all liability, the proofs of loss are dispensed with, when the company has notice of the fire and declares that in no event will it pay, there is no necessity of proofs of loss; but here it is testified that proofs of loss were prepared and sent by mail. We think there is no error in allowing recovery because of failure of the company to receive proofs of loss. It was sufficient to mail them and a denial of all liability is sufficient to relieve one from proofs of loss.

The judgment of the court of common pleas is affirmed.

*Lee, Elliott, Hill & Horner*, for plaintiff in error.

*Hart, Canfield & Co.*, for defendant in error.