Hillsborough, }
Nov. 5, 1907. }

## LAUZE v. NEW YORK LIFE INSURANCE CO

Where an insurance policy stipulates that premiums must be paid at the home office unless otherwise provided, and, in any case, in exchange for an official receipt, a payment to a soliciting agent without the delivery of such receipt is not binding upon the insurer, in the absence of evidence tending to show a waiver of the express condition of the contract.

Under section 5, chapter 171, Public Statutes, a soliciting agent who negotiates a contract of life insurance is not deemed to be the representative of the insurer for the purpose of receiving any payments under the policy subsequent to the initial premium required to bring the contract into being.

In the absence of fraud or imposition, one who accepts a policy of insurance is presumed to have knowledge of the terms and conditions therein contained; and his inability to read English will not excuse his ignorance of the provisions of the contract, especially when he had ample opportunity to examine the policy and took no steps to procure a translation thereof.

ASSUMPSIT, on a policy of insurance upon the life of the plaintiff's wife. Trial by jury and verdict for the plaintiff. Trans-

ferred from the January term, 1907, of the superior court by
*Peaslee*, J.

The policy contained the following clauses : " This agreement is
made in consideration of the sum of ten dollars and eighty-four
cents, the receipt of which is hereby acknowledged, constituting
payment for the period terminating on the twenty-eighth day of
November, nineteen hundred and four, and in further considera-
tion of the payment of a like sum on said date, and thereafter on
the twenty-eighth day of February, May, August, and November
in every year during the continuance of this policy, until pre-
miums shall have been paid for twenty years in all from the date
on which this policy takes effect. . . . (1) Only the presi-
dent, a vice-president, a secretary, or the treasurer has power on
behalf of the company to make or modify this or any contract of
insurance or to extend the time for paying any premium, and the
company shall not be bound by any promise or representation here-
tofore or hereafter made, unless made in writing by one of said
officers. (2) Premiums must be paid at the home office, unless
otherwise provided, and, in any case, in exchange for an official
receipt signed by one of the above named officers and counter-
signed by the person to whom payment is made."

The agent who solicited the insurance had authority to collect
the first premium and deliver the policy. When the application
was written, five dollars was paid to him to be applied upon the
first premium in case the policy was issued, and he gave the insured
therefor an official receipt of the company taken from the applica-
tion to which it was attached. Subsequently the policy was left
at the plaintiff's house with his wife, for examination, and at a later
date it was delivered. Subject to the defendants' exception, testi-
mony was introduced that at the time the policy was delivered the
plaintiff paid the soliciting agent the balance of the first and sec-
ond premiums, less $1.68 which the agent agreed to loan from his
commission of $4.32. No such receipt as the policy mentions was
given ; but testimony was introduced, subject to exception, that
the agent left a yellow paper, telling the plaintiff it was his receipt.
The plaintiff and his wife were both French and were unable to
read, write, or speak English ; and the plaintiff had not read, or
caused to be read, the provisions of the policy, and did not in fact
know what they were. The defendants' motion to direct a verdict
in their favor, on the ground that there was no sufficient evidence
of the payment of the second premium, was denied subject to
exception.

*Branch & Branch*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

CHASE, J.   The exceptions raise the question whether payment
of the second premium to the soliciting agent, without the produc-
tion and delivery of the receipt described in the policy, constituted
a valid payment thereof and continued the policy in force during
the three months' period to which it related, in which period it is
understood the insured life expired.  The policy acknowledges
the receipt of $10.84, " constituting payment [of the premium] for
the period terminating on the twenty-eighth day of November,
nineteen hundred and four," which is understood to be the three
months' period following the date of the policy.  No question is
made about this payment.  The case states that the agent who
solicited the insurance contract had authority to receive the pay-
ment and deliver the policy.  This payment, accompanied with the
delivery of the policy, completed the contract and made it binding
upon the parties.  Thereupon the life of the person mentioned in
it was insured for the period of three months, at least.

The policy provided, in substance, that premiums of like sums
should be paid quarter-yearly during twenty years from the date
when it took effect.  The attempted payment of the second pre-
mium was, consequently, an effort to fulfil a stipulation of the
contract three months or thereabouts before it was due; it was not
the fulfilment of a stipulation that was to be performed simulta-
neously with, or previous to, the delivery of the contract.  The
policy further provided that " premiums must be paid at the
home office, unless otherwise provided, and, in any case, in ex-
change for an official receipt" signed by the president, a vice-
president, a secretary, or the treasurer of the company, and counter-
signed by the person to whom payment is made.  By virtue of
this provision, possession of such a receipt by a person would ordi-
narily be evidence that the person was an agent of the company to
receive the payment mentioned in it.  *Dunn* v. *Insurance Co.*, 69
N. H. 324; *Williams* v. *Insurance Co.*, 31 Ia. 541; *Insurance Co.*
v. *Davis*, 95 U. S. 425.  It does not appear that the contract con-
tained any other provision relating to the payment of premiums.
No receipt, such as the policy describes, was produced by the
soliciting agent and given to the plaintiff when he paid the second
premium.  So far as appears, the agent did not represent to the
plaintiff that the yellow paper which he gave the plaintiff was
such a receipt.  He simply told the plaintiff it was his receipt.
The terms of the policy certainly did not justify the plaintiff in
assuming that the agent had authority from the company to receive
a premium that was not due for nearly or quite three months, to
say nothing of a premium that was due at the time of payment.

But the plaintiff says that the contract is modified in respect to
its evidentiary force and effect on this point, by the provisions of

the statutes which make a person who assumes to act for an insurance company in negotiating a contract of life insurance a life insurance agent, and by which "a life insurance agent who acts for a person other than himself in negotiating a contract of life insurance shall, for the purpose of receiving the premium therefor, be held to be the company's agent, whatever conditions or stipulations may be contained in the policy or contract." P. S., *c.* 171, *ss.* 4, 5. The proposition is, that these statutory provisions constituted the soliciting agent the agent of the company to receive the second and subsequent premiums without producing official receipts therefor, notwithstanding the provisions of the contract. If a life insurance company, upon the application of a person, delivers to him a policy duly executed, insuring his life or the life of a person in which he has an insurable interest, it is not unreasonable to make the company responsible for any payments made by the person on account of the premium due at the inception of the contract, to the party who acted in negotiating the contract, whether he so acted by previous arrangement with the company or was a mere volunteer. The company can in every such instance protect itself from loss by requiring payment of the first premium before, or simultaneously with, the delivery of the policy. By delivering a policy, it impliedly ratifies the acts of the soliciting agent as to the payments required to entitle the insured to the delivery. By entrusting a policy acknowledging the payment of the first premium to a soliciting agent for delivery, the company holds him out to the insured as the proper party to receive the premium due at that time. The policy itself is an official receipt, properly signed, within the meaning of its terms. But as to premiums subsequently due upon the policy, the company could not protect itself in this way. According to the plaintiff's view, the only way the company could protect itself as to the future payments due upon the policy would be to withdraw the authority to receive premiums, which, he alleges, the statute confers upon the person who negotiated the contract, and to seasonably notify the insured of such withdrawal. If this view were correct, the defendant company, in effect, withdrew the statutory authority of the soliciting agent to receive future premiums and seasonably notified the plaintiff of the withdrawal, by the provision under consideration. This provision declared to him in unambiguous language that the soliciting agent had no authority to collect premiums, unless furnished by the company with receipts therefor signed by the officers designated in the contract. But the statute in its terms does not purport to confer upon the soliciting agent authority to collect premiums that become due from

time to time during the life of the policy. The agency created by it is limited to "receiving the premium therefor,"—not the premiums therefor,—that is to say, the initial premium required to bring the contract into being as a valid, binding, subsisting contract. No reason has been suggested, or is apparent, which would be likely to move the legislature to attempt to extend such agency beyond the first payment. Such agency is not required for the protection of policy-holders. Persons ordinarily look to their contracts to ascertain when, where, and to whom payments required by them are to be made. In the absence of evidence tending to prove that a party to a life insurance contract requires something beyond the ordinary in this respect, it cannot be found that the legislature intended to create the agency for which the plaintiff contends. If the statute is read into the policy, it fails to supply evidence that the soliciting agent was authorized by the defendants to receive payment of the second premium, on their account.

The plaintiff accepted the policy and has brought this action upon it. There are no facts tending to show that he was defrauded or imposed upon in making the contract, or that its terms differ from what it was represented to him they would be. On the other hand, it appears that the contract was left at his house for examination before its delivery. His incapacity to read English did not excuse him from the obligation to ascertain what its provisions were before accepting it. Presumably, he would have had no difficulty in procuring a translation of the contract to the language with which he was familiar, if he had sought it. If he did not know what the provisions of the contract were, his ignorance was due to his own fault. 22 Am. & Eng. Enc. Law (2d ed.) 510; 9 Cyc. 390, and authorities cited in notes. If the agent had misread the contract to him, or misrepresented its provisions, it might be that the company would be held to the provisions thus represented. *Hartford Insurance Co.* v. *Haas*, 87 Ky. 531; *Cornelius* v. *Insurance Co.*, (Ia.) 31 N. W. Rep. 236; as to last case, see also 113 Ia. 183. But it does not appear that the agent did so. Under the circumstances, it must be held that the plaintiff "had notice of, understood and agreed to, and is bound by the terms, limitations, and conditions contained" in the contract. *Brown* v. *Insurance Co.*, 59 N. H. 298; *Davis* v. *Insurance Co.*, 67 N. H. 335; *Dwyer* v. *Insurance Co.*, 72 N. H. 572; *Johnson* v. *Casualty Co.*, 73 N. H. 259; *Northern Assurance Co.* v. *Association*, 183 U. S. 308.

The facts transferred have no tendency to show that the defendant company had, by a previous course of dealing with the plaintiff or others, waived the provisions of the policy in respect to the payment of premiums, or estopped themselves from setting up the

same. They relate solely to the single transaction resulting in the contract with the plaintiff. The apparent scope of the authority of the soliciting agent did not extend beyond the acts of soliciting and negotiating the contract, delivering it, and receiving the premium required to bring it into being. *Hayes* v. *Colby*, 65 N. H. 192 ; *Bohanan* v. *Railroad*, 70 N. H. 526. It did not extend to acts subsequently required in the execution of the contract. Sto. Ag., *s*. 98.

The purpose and effect of the testimony introduced by the plaintiff relating to the payment of the second premium were to vary the provisions of the written contract, and this in the absence of evidence from which it could be found that the defendants had in any way waived the provisions or estopped themselves from relying upon them. It is clear that the contract could not be varied in this way. The testimony introduced was incompetent; and the plaintiff having failed to prove that the soliciting agent had authority from the defendants to receive the second premium, the defendants' motion for an order directing a verdict in their favor should have been granted. Accordingly the order must be,

*Exceptions sustained: verdict set aside: judgment for the defendants.*

All concurred.