[S. F. No. 13482. In Bank.—July 28, 1931.]

OTTO R. FRASCH, Appellant, v. LONDON AND LANCA-SHIRE FIRE INSURANCE COMPANY (a Corporation), Respondent.

McEnerney, Reagh & Morris for Appellant.

Percy V. Long and Bert W. Levit for Respondent.

WASTE, C. J.—This is an appeal from a judgment entered in defendant's favor when the plaintiff refused to amend upon the sustaining of a demurrer to the first amended complaint.

The action is one for declaratory relief. Plaintiff is seeking to have it determined that the defendant company is bound by and liable under the terms and conditions of a certain policy of fire insurance alleged to have been issued by it. It appears from the complaint that the person who solicited the insurance and delivered the policy, collected and receipted for the premium and absconded with the money, whereupon the defendant denied all liability under the policy unless plaintiff again paid the premium. In addition to its general demurrer challenging the sufficiency of the complaint to state a cause of action, the defendant demurred specially on the threefold ground that it could not be determined what the terms of the policy were, whether or not it was a standard form of policy, and whether or not Booth, the absconding agent, was an agent of the defendant for the collection of the premium. If one of these several grounds of demurrer is well taken the judgment must be affirmed. (*Aalwyn* v. *Cobe,* 168 Cal. 165, 173 [142 Pac. 79]; *Robinson* v. *Godfrey,* 78 Cal. App. 284, 288 [248 Pac. 268].)

In support of its general demurrer the respondent insurance company urges that the complaint is fatally defective because it fails to allege that plaintiff had paid the premium to the respondent either directly or through the medium of a duly authorized agent. In substance, the complaint alleges that in May of 1927, Booth solicited plaintiff to purchase fire insurance protection on his home; that on May 23, 1927, Booth delivered to plaintiff a policy of fire insurance duly issued by the defendant company, covering plaintiff's home against loss by fire to the extent of $10,000; that at the time of delivery of the policy Booth presented a bill or statement of premium issued by the defendant company on one of its regular printed bill forms; that plaintiff thereupon paid the amount of the premium ($70) to Booth, who receipted the bill; that at all of these times, and to the defendant's knowledge, though unknown to plaintiff, Booth was negotiating policies of insurance for parties other

than himself without having first obtained the necessary license; that Booth subsequently absconded "with a large sum of money, including the premium *paid to him* by plaintiff, *while he,* the said Booth, *was acting as agent for defendant"*; that approximately three months thereafter the defendant denied all liability under the policy unless plaintiff again paid the premium asserted to be due thereon; and that defendant refused to return the premium or to acknowledge any obligation under the policy, wherefore plaintiff prays for a declaration of his rights thereunder.

In our opinion the complaint is good against general demurrer, for in addition to the direct allegation of the ultimate fact that the premium had been paid to Booth while "he was acting as agent for defendant", the complaint also contains allegations which, if proven upon the trial, would amount to at least a *prima facie* showing of an ostensible authority in Booth to receive and receipt for the premium. As a general rule the powers of an agent of an insurance company are governed by the general law of agency. His powers are varied by the character of the functions he is employed to perform. He may be a general agent with general powers, or his powers may be limited by the company; or he may be a special agent with authority limited to a specific transaction. In any event, an insurance agent, whether general or special, possesses such powers as have been conferred by the company, or as third persons have a right to assume that he possesses under the circumstances of the case; and as a general rule his powers, as to those dealing with him, are determined by the nature of the business entrusted to him and are *prima facie* coextensive with its requirements. (*Silverberg* v. *Phenix Ins. Co.,* 67 Cal. 41 [7 Pac. 38]; *Marderosian* v. *National Casualty Co.,* 96 Cal. App. 295, 302 [273 Pac. 1093]; 14 Cal. Jur. 454, secs. 32 and 33; 32 C. J. 1062, sec. 139.) The fact that Booth came to the plaintiff armed with a policy of insurance duly issued by the defendant company, together with a bill or statement of the premium due thereon made out on one of the defendant's regular printed bill forms, immediately gives rise to the inference that Booth was authorized to deliver the policy and to collect and receipt for the premium. In *Arthurholt* v. *Susquehanna Mut. Ins. Co.,* 159 Pa. St. 1 [39 Am. St. Rep. 659, 28 Atl. 197, 200],

it is intimated that "by the very fact of issuing a policy which requires, apparently, nothing but delivery and payment of premium to put it in force, the company arms every man, into whose hands it may come, with the power to receive its money". It is concluded in *Terry* v. *Provident Fund Soc.*, 13 Ind. App. 1 [55 Am. St. Rep. 217, 41 N. E. 18], that if an unauthorized person solicits an application for insurance, and the insurance company recognizes the regularity of the application, it thereby recognizes such person as its agent, at least for that particular transaction, and the payment of the first premium to him is payment to the company and estops it to deny such payment. The case of *Lauze* v. *New York Life Ins. Co.*, 74 N. H. 334 [68 Atl. 31, 33], states that "it is not unreasonable to make the company responsible for any payments made by the person on account of the premium due at the inception of the contract to the party who acted in negotiating the contract, whether he so acted by previous arrangement with the company or was a mere volunteer".

The foregoing declarations are cited merely to indicate the trend of the authorities. Without expressing any opinion at this time as to the correctness of the views therein announced, we are satisfied, as already stated, that the complaint in this action contains not only evidentiary facts, which if proven upon the trial, would authorize the court in finding the ultimate fact of agency, but also contains a direct averment of the ultimate fact that the premium was paid by plaintiff to Booth while the latter "was acting as agent for defendant". ■ As against a general demurrer it is only necessary that the ultimate facts be alleged. (*McCaughey* v. *Schuette*, 117 Cal. 223 [59 Am. St. Rep. 176, 46 Pac. 666, 48 Pac. 1088].) There is no merit in the point that this ultimate fact of agency is alleged merely by way of recital or inference. What we have said sufficiently disposes of the general demurrer and also the special demurrer in so far as the latter raises the point that the complaint fails to allege that Booth was respondent's agent for the collection of the premium.

Any limitation on Booth's authority to act as agent, of which the plaintiff had knowledge or is charged therewith, constitutes matter of defense and is not now before us. ■ That Booth may have been soliciting insurance without hav-

ing first obtained the license provided for in section 633 of the Political Code, does not mitigate against plaintiff's case for the complaint alleges, and for purposes of demurrer it must be taken to be true, that plaintiff was unaware of such fact, though it was within the defendant's knowledge at the time it issued the policy upon the application procured by Booth. It has been held that the code section was enacted for the protection of the public as well as of the insurance companies, and that an insurance company may not absolve itself from liability for a contract that it has authorized or ratified, although the contract may have been secured by a person not an agent or solicitor in the full meaning of the statute. (*Goldstone* v. *Columbia Life & Trust Co.*, 33 Cal. App. 119, 122 [164 Pac. 416]; *Marderosian* v. *National Casualty Co., supra.*)

■ The remaining two grounds of special demurrer are also without merit. As the sole point involved in the action has to do principally with the propriety of the payment of the premium to Booth, it is not necessary that the plaintiff set out the policy at length or attach it as an exhibit to his complaint. The provisions of the policy and whether or not it is a standard form of policy are not pertinent to the inquiry. As already intimated, anything in the policy or in the application filed in connection therewith tending in any way to diminish or destroy plaintiff's cause of action or rights under the policy, is purely a matter of defense.

■ In conclusion, it may be added that this is a proper case for declaratory relief. The complaint contains all the averments necessary to show that an "actual controversy" exists between the parties hereto with regard to their respective rights and duties under a written instrument or contract, and plaintiff requests that these rights and duties be adjudged by the court. (*Oldham* v. *Moodie*, 94 Cal. App. 88, 89 [270 Pac. 688].) The fact that the policy may subsequently be found to contain a clause authorizing its cancellation by the defendant company upon five days' written notice to the assured, need not destroy plaintiff's right to an adjudication of the question here involved, for should it be found that plaintiff had properly made payment to Booth as agent for the defendant company then, in the event of such suggested cancellation, he would unquestionably be entitled to a *pro rata* return of the premium. On the

other hand, should it be determined upon the trial that Booth was not in fact the agent of the defendant company and that plaintiff had therefore paid the premium to him without warrant, the defendant company would be absolved from all liability under the policy and need not return any portion of that which it never received.

The judgment is reversed with directions to the court below to overrule the demurrer.

Preston, J., Shenk, J., Curtis, J., Seawell, J., and Nourse, J., *pro tem.,* concurred.