[Civ. No. 8490.   Third Dist.   Mar. 11, 1955.]

HARRY CONYRES SNYDER et al., Respondents, v. REDDING MOTORS (a Corporation) et al., Defendants; COLONIAL INSURANCE COMPANY OF CALIFORNIA (a Corporation), Appellant.

Low & Duryea and James J. Duryea for Appellant.

Kennedy & Caldwell for Respondents.

SCHOTTKY, J.—Respondents commenced an action against the above named defendants alleging in their complaint that defendants Giesicke and Redding Motors, a corporation, were the duly authorized agents of defendants

Cal-Union Agency and Colonial Insurance Company of California; that respondents applied to Giesicke and Redding Motors for insurance against liability for personal injuries and property damage, and that they, as agents of Cal-Union Agency and Colonial Insurance Company, in consideration of $40.50, agreed to so insure respondents for one year from March 28, 1950, and to deliver a policy in the standard form to respondents; that part of the terms of said policy bound defendants to defend any action against respondents within the policy coverage.

The complaint alleged further that after such insurance was so made and the promise to execute and deliver a policy to respondents, respondents damaged property of Pacific Gas and Electric Company during said term of insurance coverage; that respondents fully performed conditions of said standard form policy of insurance and promptly notified defendants of the damage. That defendants failed and refused to deliver said policy of insurance to respondents in accordance with said agreement and denied any responsibility for the damage caused by respondents and refused to defend any action against the respondents; that thereafter Pacific Gas and Electric Company sued respondents and recovered judgment in the amount of $752.87; that respondents incurred attorney's fees of $500 in defense of said action. Respondents prayed for judgment in the sum of $1,341.77.

Defendants denied the material allegations of the complaint and the action proceeded to trial before the court sitting without a jury.

At the close of respondents' case defendant Colonial Insurance Company moved for a nonsuit, which motion was denied, and the case was then submitted without any evidence being offered by any of the defendants.

The trial court found that defendants C. C. Giesicke and Redding Motors were the agents of defendant Colonial Insurance Company of California; that defendants C. C. Giesicke and Redding Motors solicited and received from plaintiffs an application for a policy of property damage insurance to the extent of Five Thousand Dollars ($5,000.00) for the term of one year, commencing upon March 28, 1950, said policy to be issued by the defendant Colonial Insurance Company of California in the standard and usual form issued by said defendants, together with the total premium therefor in the amount of $40.50; and that in consideration of said application and the payment of said premium to defendants

the defendants C. C. Giesicke and Redding Motors, as the agents of defendant Colonial Insurance Company of California, agreed to secure and place insurance as aforesaid; that in violation of said agreement defendant Colonial Insurance Company of California, upon receipt of said application failed and neglected to take any action whatsoever thereon, or to issue said policy, or to return said application or to cause said premium to be refunded. The court found further that as a result of an accident on June 24, 1950, respondents incurred liability and legal expenses in the total sum of $1,141.77 and awarded respondents judgment against defendant Colonial Insurance Company of California in that amount. Said defendant's motion for a new trial was denied and it has appealed from said judgment.

Appellant contends that no contract existed between it and respondents, that it did not agree to issue a policy of insurance, that if respondents had any right to recover it was on the ground of negligence and that neither the pleadings nor the evidence permit any such issue, and further that the court's findings are unsupported by the evidence. Before discussing these contentions we shall give a brief summary of the evidence as shown by the record.

On March 28, 1950, Mr. and Mrs. Harry Snyder, plaintiffs and respondents, entered into a conditional sales contract with defendant Redding Motors, a partnership, for the purchase of an automobile. The conditional sales contract showed what types of insurance the purchasers were applying for, namely, comprehensive, collision ($50 deductible). Listed under "OTHER INSURANCE" were the letters B. I. & P. D., which meant bodily injury and property damage. The comprehensive and the collision insurance were to be handled by the Bank of America affiliate, but opposite the provision for "OTHER INSURANCE" it stated "Redding Motors will place." The conditional sales contract was signed by the respondents and on behalf of Redding Motors by C. C. Giesicke, one of the partners. At the same time respondents filled out an application for bodily injury liability and property damage liability insurance, which application was received by the Colonial Insurance Company on April 3, 1950.

The application was entitled "Colonial Insurance Company"; it then set forth the name and address of the applicant, Harry C. Snyder. It set forth the policy period as extending from 3-28-50 to 3-28-51, with an instruction on the application that it not be back dated. It then set

forth other items normally asked of an applicant for such insurance, as age, occupation, previous insurance carrier, employer and his address, name of mortgagor, if any, proposed use of the automobile and whether or not it was to be driven by minors. The schedule of coverages is then listed. Only two such coverages were filled in on Mr. Snyder's application, namely:

| "Coverages | Limit of Liability | Premium |
|---|---|---|
| "A—Bodily Injury Liability | | |
| (Each Person 5,000 | | |
| (Each Accident 10,000 | | 24.00 |
| "B—Property Damage Liability— | | |
| Each Accident | $5,000 | 16.50 |
| "Total Premiums ........................... | | 40.50" |

Then follows a description of the new car sold and the subject matter of the insurance and the signature of the agent; in this case the signature of C. C. Giesicke appears. On the reverse side appears the time and date stamp of the Colonial Insurance Company showing that the application was received by them at 1:56 p. m. on April 3, 1950.

Respondents paid the sum of $40.50 to Redding Motors as the premium for insurance coverage for one year from the date of the application. The application was never acted upon and no policy of insurance was ever issued to respondents. Colonial Insurance Company in its answer denied ever having received the application, but found it in its files just before the trial in this matter. The time and date stamp showed that it had been received by Colonial Insurance Company on the 3rd day of April, 1950, a short time after the purchase of the car. On March 28, 1950, Redding Motors was an agent of the Colonial Insurance Company and the Cal-Union Agency. Redding Motors was appointed and licensed under the provisions of section 1656 of the Insurance Code.

Defendant Giesicke, called by respondents under Code of Civil Procedure, section 2055, testified that his authority was limited to taking applications for insurance and submitting them to the Colonial Insurance Company. He did not know whether or not the $40.50 received from respondents had been paid over to appellant, his principal, and there is no other evidence on this point.

On June 24, 1950, respondents' automobile damaged property of Pacific Gas and Electric Company to the extent of

$752.87, as determined by the trial court in its judgment granted to Pacific Gas and Electric Company in its action against the respondents. Respondents were compelled to defend that action at their own expense, incurring attorney's fees of $325.00 and costs amounting to $63.90.

The trial judge filed a memorandum opinion which we believe correctly analyzes the facts and the law. We quote therefrom as follows:

"This action is based on a breach of contract, as is stated on the face of the complaint in the caption thereof, and not on any theory of negligence as in the *Stark* case [139 Cal. App. 577 (34 P.2d 731)] which has been cited by both parties hereto. The complaint, in substance, charges an agreement to insure the plaintiffs against property damage liability and a failure to comply with said agreement which resulted in damage to plaintiffs when they incurred such a liability as a result of an accident.

"It has been proved that Redding Motors was an agent of defendant Colonial Insurance Company at the time in question. It has also been proved that Redding Motors, as a part of its sales contract with the plaintiffs for the purchase by plaintiffs of an automobile, accepted an application from plaintiffs for property damage and personal injury liability insurance with an agreement to place said application with the Colonial Insurance Company, and that the premium for said insurance was made a part of the sales contract and was duly paid by the plaintiffs, and remitted by Redding Motors to the Colonial Insurance Company, although the proof of its remission to the company depends on inferences and on lack of contradiction in this case.

"Redding Motors performed its part of its agreement with plaintiffs and transmitted the application to Colonial Insurance Company. For some reason, not explained at the trial, Colonial Insurance Company never accepted the application nor issued any policy of insurance thereon. No notice to anyone was given of this failure to accept the policy application and to issue the policy, and after a period of two or more months the plaintiffs incurred the property damage liability as a result of an accident and then learned for the first time that no policy of insurance had been issued. It is reasonable to assume that plaintiffs thought the insurance policy had been and would be returned to the Bank of America at Redding which was holding the sales contract and to which they were making their payments thereon.

"The Stark case, above referred to, states in part on page 580, 'An insurance company having solicited and obtained applications for insurance and having received payment of the fees or premium exacted, is bound, either to furnish the indemnity the state has authorized them to furnish or decline to do so within such reasonable time as will enable them to act intelligently and advisedly thereon.' It is true that the Stark case further on states, 'Mere delay in passing upon an application cannot be construed as an acceptance which will support an action *ex contractu*; but the applicant will not be charged with the same degree of diligence as an insurer organized for profit, and the latter may be held liable for actual damage not exceeding the amount of insurance purchased if it be shown to have delayed notice of rejection, and may not complain of inexcusable delay because of its agents dilatory conduct or inefficiency.' There is no question of the agent's negligence or delay in this case, but only in delay on the part of the company itself in either accepting or refusing the application and notifying the plaintiffs thereof. It would seem that this is both negligence and a breach of the contract of its agent to place the insurance and either obtain a policy within a reasonable time or notify the applicant that no policy would be issued.

"I therefore feel that the Colonial Insurance Company is responsible to plaintiffs in this case, on either or both theories of negligence and contract."

We are satisfied that the evidence supports the finding that Redding Motors was the agent of appellant and that respondents paid the premium to the agent of appellant. ▪ An agent has such authority as his principal actually or ostensibly confers upon him. (Civ. Code, § 2315.) As stated in *Frasch* v. *London & Lancashire Fire Ins. Co.*, 213 Cal. 219 at page 223 [2 P.2d 147] :

"As a general rule the powers of an agent of an insurance company are governed by the general law of agency. His powers are varied by the character of the functions he is employed to perform. He may be a general agent with general powers, or his powers may be limited by the company; or he may be a special agent with authority limited to a specific transaction. In any event, an insurance agent, whether general or special, possesses such powers as have been conferred by the company, or as third persons have a right to assume that he possesses under the circumstances of

the case; and as a general rule his powers, as to those dealing with him, are determined by the nature of the business entrusted to him and are *prima facie* coextensive with its requirements. (*Silverberg* v. *Phenix Ins. Co.*, 67 Cal. 41 [7 P. 38]; *Marderosian* v. *National Cas. Co.*, 96 Cal. App. 295, 302 [273 P. 1093]; 14 Cal.Jur. 454, §§ 32 and 33; 32 C.J. 1062, § 139.)''

And at page 224:

''The case of *Lauze* v. *New York Life Ins. Co.*, 74 N.H. 334 [68 A. 31, 33], states that 'it is not unreasonable to make the company responsible for any payments made by the person on account of the premium due at the inception of the contract to the party who acted in negotiating the contract, whether he so acted by previous arrangement with the company or was a mere volunteer.' ''

Redding Motors had written authorization to act as agent for Colonial Insurance Company, and such authority had been filed with the California Insurance Commissioner pursuant to section 1656 of the Insurance Code. Such agency took applications and premiums from its customers and submitted them to its principal, the appellant. As shown on the application itself, there are no limiting provisions as do appear on application in several of the decisions on this issue; there is no provision in the application as to when the policy will become effective, except the item which shows that the policy period shall be from 3-28-50 to 3-28-51; there is no provision that the application must be accepted by the appellant, the principal, before the application shall ripen into a contract of insurance. The premium was paid by the applicant to the agent of the insurer. All that was left to be done was for the company to issue the policy in accordance with the application or to reject the application and to have the premium returned to the applicant.

Failure to issue the policy or reject the application and to return or have returned the premium to the respondents within a reasonable time after the receipt of the application, and which delay has misled the applicant to his prejudice, gives rise to an implied acceptance of the application, which will support an action *ex contractu*, even though these same facts may or would allow a recovery based on the theory of negligence, as under the Stark case, *supra*. Here the appellant failed to act and never did act on the application from the date it was received, April 3, 1950. This was

almost three months before the damage was caused by respondents. Appellant refused to introduce any evidence on its behalf. There was no showing that the policy would not issue as a matter of course, no reason was shown that a standard type policy of the type sought and issued by appellant would not have issued to respondent Harry C. Snyder, and no showing was made as to appellant's failure and neglect to act on the application. The premium had been paid by respondents and not returned to them. Nothing was done to inform them that no policy of insurance would be issued to them. Being thus misled they operated their vehicle on the highways believing that they were protected in the event that damage occurred which would be covered by the policy.

To permit appellant insurance company to avoid responsibility upon the policy under the facts and circumstances of the instant case would be to justify it in avoiding responsibility after it had, through its agent, accepted the application and the premium and had led respondents to believe that they were insured.

It is a matter of common knowledge that respondents proceeded to apply for the insurance policy in the same manner as is done by the great majority of automobile purchasers. And it is likewise a matter of common knowledge that such policies issue as a matter of course unless there is some fraud or misrepresentation on the part of the applicant. When an agent accepts an application and the premium therefor the average automobile purchaser feels justified in driving his newly acquired automobile in the belief that he is insured in accordance with the terms of the application. In the instant case there is no question as to the agency of Redding Motors and there is no question as to their acceptance of the application and mailing it together with the premium to the office of appellant insurance company.

Appellant contends also that if respondent had any right to recover against it it was on the ground of negligence and that neither the pleadings nor the evidence permit any such issue. We think there is no merit in this contention as it is clear from the complaint that respondents alleged facts that would permit recovery as stated by the trial court "on either or both theories of negligence and contract." All of the facts and circumstances were fully presented at the trial and we are satisfied that there is ample evidence to support the court's conclusion that there was an implied contractual duty on the part of appellant to either accept or reject the application

within a reasonable time and to notify applicants of such action.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.