## JOHN M. FAUGHNAN *v.* TUOLUMNE COUNTY.

SALARY—STATUTORY CONSTRUCTION.—Where by a statute it was required that a certain sum should be annually divided by the Board of Supervisors among the Collectors of taxes of a county, for their salaries, and the only rule of division prescribed was that "the due proportion" of each Collector should be paid to him: *Held,* that by "the due proportion" was intended such portion of the sum as the Board of Supervisors should determine, in view of the services required of each Collector.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

This was an action brought by the plaintiff, who, during the years A. D. 1865 and 1866, was one of the four Collectors of taxes of Tuolumne County, to recover from the defendant an alleged unpaid balance of his salary as such officer for said years.

The sixth section of the Act " to make certain offices in the County of Tuolumne salaried offices," approved February 21st, 1861, provides as follows:

" The Collector shall collect all taxes and licenses of every kind required by law for State and county purposes, and he shall receive a salary at the rate of three thousand dollars per annum; *provided,* the Supervisors of the county make the county one collection district; if more than one district, the said sum of three thousand dollars to be divided by the Supervisors as salaries to the Collectors of each district,

which salary, if for the whole county, or the due proportion of each Collector, if more than one, shall be in full compensation for all services required of the Collectors by law; *provided*, that when the Collectors shall personally perform the services of collecting licenses, taxes, poll taxes, and foreign miners' licenses, said Collectors shall be entitled to receive the fees now allowed by law to Deputy Collectors for the performance of such service."

The apportionment of the sum of three thousand dollars salary to the four Collectors of the county for said years was made by the Board of Supervisors by the terms of the following order, to wit:

"Ordered that the salaries of the several District Collectors in Tuolumne County be apportioned as follows, to wit: No. 1, $800; No. 2, $800; No. 3, $700; No. 4, $700."

There had been paid to plaintiff, who was the Collector of District No. 1 for said years, the sum of one thousand six hundred dollars, while, if the entire Salary Fund for the two years, consisting of six thousand dollars, were apportioned to the several Collectors in proportion to the amount of the property tax of the county which had been collected by each during this period, the plaintiff would have been entitled to receive the sum of two thousand three hundred and forty-six dollars—the difference between which sum and the amount received this action was brought to recover.

The defendant had judgment in the Court below, and plaintiff appealed.

*George Cadwalader*, for appellant, argued that "the due proportion" mentioned in the statute is nothing less than the simple mathematical proportion spoken of in *Teschemaker* v. *Thompson*, 24 Cal. 542, and that the salary to which plaintiff is entitled bears such proportion to three thousand dollars as the amount of taxes collected by him during each

year bears to the whole amount of taxes collected in each year from the whole county.

*E. R. Galvin*, and *Caleb Dorsey*, for Respondent.


By the Court, RHODES, J.:

The question is, whether "the due proportion" of the salary to be allotted to the Collector of each district by the Board of Supervisors is a mathematical proportion—that is, whether the amount each is to receive bears the same ratio to the whole salary as the taxes collected by each do to the whole amount collected in the county, or whether it is such a proportion as the Board of Supervisors may determine in view of the services required of each Collector in the county. If a mathematical proposition was intended, it is presumable that the Legislature would have simply provided that the sum of three thousand dollars should be divided among the Collectors in proportion to the amount collected by each. In that case no duty would have been required of the Board, for the mere mathematical calculation by them would have been useless. But the salary of three thousand dollars is "to be apportioned by the Supervisors;" and as the Legislature might well assume that the labor of collecting a given amount of taxes would vary in the several districts, it was just and proper that the apportionment of the salary should be left to the Board, so that each Collector might receive a compensation in proportion to his services. This would be a "due proportion."

Judgment affirmed.