## EDWARD CHRISTY *v.* J. C. FISHER.

PATENT ISSUED TO EXECUTORS—LEGAL TITLE—CONVEYANCE—TENANT IN COMMON—EJECTMENT.—In ejectment plaintiff deraigned title under a patent from the United States to H. V. & P. as executors of F. and under a deed of two of the patentees as executors.

*Held,* that the patent was valid and vested the legal title in the patentees; that the conveyance of two of the patentees as executors of F. transferred to their grantees the legal title to an undivided two thirds of the land included in the deed; that it was immaterial whether they in their deed described themselves as executors or conveyed in their individual capacity, and that it was therefore unnecessary to consider the validity of an order of the Probate Court for the sale of the land.

TAX TITLE.—One who is under a moral or legal obligation to pay the taxes, is not in a position to become a purchaser at a sale for such taxes; and if such person permits the property to be sold and buys it in, either in person or indirectly through the agency of another, he does not thereby acquire any right or title to the property, but his purchase is deemed a mode of paying the taxes.

APPEAL from a judgment for the plaintiff and an order refusing a new trial in the Sixth District Court, County of Sacramento. DENSON, J.

*Martin & Jones* and *Catlin & Hamburger,* for Appellant.

*L. S. Taylor,* for Respondent.

MORRISON, C. J.:

The plaintiff brought an action of ejectment, to recover the possession of certain real estate in the town of Folsom, described in the complaint as lots one to sixteen, in block seventy-three; lots one to sixteen, in block ninety-seven; and fractional lots fifteen and sixteen, in block seventy-two, and obtained a judgment therefor.

On the trial of the case, a patent for the land from the United States to Halleck, Peachy, and Van Winkle, issued on the 27th day of June, 1864, was put in evidence by the plaintiff. On the 29th day of July, 1857, Halleck and Van Winkle conveyed block ninety-seven to one Gilbert M. Cole, and on the same day they conveyed the other property described in the complaint to one E. D. Hoskins, and the said Hoskins on the 1st day of June, 1861, sold and conveyed the

property purchased by him from Halleck and Van Winkle to said Cole. On the 29th day of November, 1875, Cole and wife conveyed to Henry Donnelly, and on the 21st day of May, 1877, Donnelly sold and conveyed the property to the plaintiff Christy. Here we have a complete deraignment of title from two of the patentees of the United States Government down to the plaintiff.

The introduction of the patent in evidence was objected to as immaterial and irrelevant, for the alleged reasons that the parties to whom the patent was issued were not shown to be the heirs or executors of Joseph L. Folsom, deceased.

It does not positively appear in the transcript, that the patent was to them *as executors,* but they described themselves in their deeds to Cole and Hoskins *as executors,* and that circumstance coupled with the additional fact found in the objection referred to, to wit: *that it was not shown that they were executors,* may justify the conclusion that the patent was to them as executors. For the purpose of this opinion we will therefore assume that the lands in controversy were patented to Halleck, Peachy, and Van Winkle *as executors* of the estate of Joseph L. Folsom, deceased. But would that fact in any manner affect plaintiff's title?

In the case of *Bonds* v. *Hickman,* 29 Cal. 465, the Court say: "We can not hold it (the patent) to be void because it was issued to the administrator of the deceased assignee of the warrant, for it is not forbidden by law to be so issued in such cases. It is not shown, upon the face of the patent, that it was issued for land to which the deceased had the right of pre-emption; and if such was in truth the case, though not recited in the patent, it is not liable to be attacked collaterally on that ground." And in the same case when brought up on another appeal the Court held that a patent to land issued by the United States to "James Smith, administrator of Robert Smith, deceased," vests the legal title to the land in James Smith, and his conveyance of the same transferred the legal title to his grantee, though it did not state that it was made as administrator. (*Bonds* v. *Hickman,* 32 Cal. 203.)

The legal title being in Halleck, Peachy, and Van Winkle, they had a right to convey the land, and it is immaterial

whether they in their deeds described themselves as executors or conveyed in their individual capacity. The deeds vested in their grantees an undivided interest of two thirds, a sufficient interest to entitle them to recover the entire property from a mere trespasser or intruder. In the case of *Treat* v. *Reilly*, 35 Cal. 133, the Court say : "It has been so often held that one tenant in common can recover the entire premises as against a mere trespasser without joining his co-tenants as plaintiffs, we are surprised that counsel should make the last point presented in their brief." The only defense interposed by the appellant to plaintiff's right of recovery was a pretended tax title, and that branch of the case we will now consider.

It appears from the record, that a judgment for the taxes assessed upon the property in controversy for the year 1868, was recovered in the District Court of Sacramento County, and in pursuance of the execution issued on such judgment, the property was sold, and a deed thereof was executed by the Sheriff of Sacramento County, on the 23d day of March, 1870, to one Henry Starr. It is claimed, however, on the part of the respondent, that Starr purchased the property at the tax sale, not on his own account, but for one Charles Zeinwalt, and this fact satisfactorily appears in the transcript. It is further claimed that Zeinwalt lived upon, and claimed title to, a portion of the premises, and therefore it was his duty to pay the taxes. It is well settled that one who is under a moral or legal obligation to pay the taxes is not in a position to become a purchaser at a sale made for such taxes. If such person permits the property to be sold for taxes, and buys it in, either in person or indirectly through the agency of another, he does not thereby acquire any right or title to the property, but his purchase is deemed one mode of paying the taxes. This question was considered by the Court in the case of *Moss* v. *Shear*, 25 Cal. 45, where the Court say : "If the defendant was under any legal or moral obligation to pay the taxes, he could not, by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale himself, or by subsequently buying from a stranger who purchased at the sale. Otherwise, he would be allowed to gain an advan-

tage from his own fraud or negligence in failing to pay the taxes. This the law does not permit, either directly or indirectly." (See also *Kelsey* v. *Abbott*, 13 Cal. 609.)

In the more recent case of *Reily* v. *Lancaster*, 39 Cal. 357, Crockett, J., delivering the opinion of the Court, observes: "We have repeatedly held, that possession with a claim of ownership, is a subject of taxation, and imposes on the occupant the duty of paying the tax levied on the property."

It appears, from his own evidence, that Zeinwalt, for whom Starr purchased the property at the tax sale, was in possession of the property under claim of title during the fiscal year for which the tax was levied. He says: "I knew blocks 72, 73, and 97 in Folsom. I was in possession of the property for a number of years, having a squatter title to half of it. * * * I went out of possession about October, 1863." It is very clear, therefore, from the evidence of Zeinwalt himself, that it was his duty to pay the taxes upon the property, and he, therefore, acquired no title by virtue of his purchase at the tax sale.

We have not considered the proceedings in the Probate Court, or the fact of prior possession by plaintiff and his grantors; his paper title which is hereinabove set forth, being perfect and amply sufficient to sustain the judgment. There is no material error apparent in the transcript, and the judgment of the Court below should therefore be affirmed.

Judgment and order affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.

THORNTON, J.:

I concur in the judgment. The plaintiff had a right to recover on the prior possession of one Cole, from whom he had received a deed conveying the land, or to whose possession he succeeded.