[No. 15578.   Department Two.—November 1, 1894.]

## M. L. GATES, AN INFANT, BY HIS GUARDIAN, ETC., APPELLANT, *v.* MARY LINDLEY ET AL., RESPONDENTS.

TAX TITLE—BURDEN OF PROOF.—A person claiming under a tax title has the burden of proof to establish its validity.

ID.—PURCHASE OF TAX TITLE BY OWNER OF LAND—PAYMENT OF TAXES. The owner of land whose duty it is to pay the taxes cannot, by neglecting to pay them and permitting the land to be sold in consequence of his negligence, add to or strengthen his title either by purchasing at the tax sale himself, or by subsequently buying the tax title from a stranger who purchased at the tax sale; but such purchase is deemed one mode of paying the taxes.

ID.—TITLE TO TIMBER ON LAND SOLD FOR TAXES—RESERVATION IN DEED. The fact that the timber on the land sold for taxes does not belong to the owner of the land, but was reserved in a deed under which he claims title to the land, will not justify him in permitting the land upon which the timber grew, including the timber, to be taxed as his property, and then permit the land to be sold for the entire tax, and thus obtain title to the timber.

ID.—No NEW TITLE OBTAINED—EFFECT OF TAX SALE UPON PRIOR RESERVATION OF TIMBER.—The owner obtains no new title to the land from a purchaser at a tax sale, and is in the same position after the purchase as though he had paid the taxes each year, and the reservation of timber in the deed under which he holds remains in full force, and is unaffected by the tax sale.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*Ford & Burnell,* for Appellant.

*J. H. G. Weaver,* for Respondents.

HAYNES, C.—This action was brought against defendant, Philips, to recover stumpage for shingle timber sold to Philips. Defendant, Mary Lindley, intervened, claiming stumpage for the timber taken off a portion of the land.

Philips admitted the contract with plaintiff, and that there was due somebody four hundred and twenty-eight dollars and eight cents; that he owed the plaintiff of

this sum three hundred and thirty-three dollars and forty-four cents, and that the timber taken off the portion claimed by Mary Lindley amounted to ninety-four dollars and sixty-four cents, and that he was ready to pay the whole to whomsoever the court found was entitled thereto.

The cause was submitted to the court upon agreed findings covering all the facts, from which the court drew the conclusion of law that plaintiff was entitled to recover three hundred and thirty-three dollars and forty-four cents, and Mary Lindley ninety-four dollars and sixty-four cents, and entered judgment accordingly, from which the plaintiff appeals.

One Osborne filed his application to purchase this land from the state in 1858. He conveyed by quitclaim deed and assignment of his certificate to Whitmore and Dix, and in June, 1867, they in like manner conveyed to Elihu Lindley, then the husband of the intervenor. In 1872 Lindley in like manner conveyed to Thorp, reserving in the deed, however, all the timber on a certain portion of the land particularly described therein. On January 27, 1873, Thorp's grantee conveyed to the plaintiff and assigned the state certificate, the deed containing the same reservation expressed in Lindley's deed to Thorp, and on October 2, 1873, the state patented the lands to plaintiff.

Mary Lindley is the widow of said Elihu Lindley, and to whom he gave all his property by will.

On September 20, 1873, O. J. Gates and wife executed and delivered to J. B. Hamilton a grant deed to said lands, with the same reservation, and on September 24, 1878, Hamilton conveyed to Whitlow.

From the year 1873 to and including the fiscal year ending June 1, 1879, the property was assessed to Hamilton, who paid all said taxes except for the year last mentioned.

On March 3, 1879, the tax collector sold the whole of the property to J. O. Dinsmore, and on April 5, 1888, Dinsmore received a tax deed. No reservation of the

timber was made either in the deed or certificate of sale.

In January, 1879, prior to said tax sale, Whitlow mortgaged part of the property to Dinsmore, which mortgage has never been foreclosed or satisfied of record.

For the years 1879–80, 1880–81, and 1881, the land was assessed to Whitlow.

On February 8, 1889, Dinsmore conveyed to the plaintiff. Whitlow has never conveyed to any one.

From 1881 to 1889, inclusive, the property was assessed to Dinsmore, and all the taxes were paid by him. Since that time it has been assessed to plaintiff, who has paid the taxes, but it was never assessed to him prior to that time.

The timber has never been separately assessed, nor did Mary Lindley or her testator ever pay any taxes thereon.

From April, 1881, to the time he conveyed to the plaintiff, Dinsmore was in possession. All the deeds herein mentioned were recorded.

The record does not disclose that Gates and wife, who conveyed to Hamilton, ever had any title; and, as the taxes for which the land was sold to Dinsmore were assessed to Hamilton, who did not acquire any title by the conveyance, and who does not appear to have been in possession, the court below concluded that plaintiff was not divested of his title by the tax sale, and, being a minor, that Dinsmore, the purchaser at tax sale, did not acquire title by adverse possession. (Code Civ. Proc., sec. 328.)

It is certainly not clear from the findings that the tax title was valid, nor do we think it necessary to decide that it was void; for, if the plaintiff by the purchase of the tax title acquired a title to the timber reserved by his grantor, the burden is upon him to show that his title to the timber is good; in other words, that the tax title is valid.

But even that is not sufficient. The plaintiff was the owner of the land, and it was his duty to pay the taxes.

"He could not, by neglecting to pay them and permitting the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the tax sale himself, or by subsequently buying the tax title from a stranger who purchased at the tax sale. Otherwise he would be allowed to gain an advantage from his own fraud or negligence in failing to pay the taxes. This the law does not permit, either directly or indirectly." (*Moss* v. *Shear*, 25 Cal. 45; 85 Am. Dec. 94; *Christy* v. *Fisher*, 58 Cal. 258; *Barnard* v. *Wilson*, 74 Cal. 518.) Plaintiff did not, therefore, acquire a new title to the land by the purchase from Dinsmore. "His purchase is deemed one mode of paying the taxes." (*Christy* v. *Fisher*, 58 Cal. 258.) Plaintiff's title is therefore the same as though he had each year paid the taxes, and he holds the same under his deed in which the timber was reserved. If it be said that the timber did not belong to the plaintiff, and that he was under no duty or obligation to pay the taxes thereon, it may be replied that he could not permit it to be taxed as part of his property, and then permit his land upon which it grew to be sold for the entire tax, and thus get title to it; for, unless he got a new title to the land, the reservation of the timber in his deed was in full force, and he is in the same position as though he had paid the taxes each year.

The judgment was right, and should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.