[Civ. No. 4343. Second Appellate District, Division One.—June 4, 1925.]

## MRS. W. A. KING, Respondent, v. CALIFORNIA BANK, Appellant.

[1] FINDINGS—EVIDENCE—APPEAL.—The determination reached by the trial court upon all matters of fact is binding upon an appellate court, except only in the single instance where there is no substantial evidence to support the findings of the trial court, and if such evidence is found in the record, then the findings must stand, notwithstanding the satisfactory character of appellant's evidence.

[2] ID.—BANK DEPOSITS — EVIDENCE — APPEAL. — On appeal from a judgment in favor of the plaintiff in an action to recover from

1.   See 2 Cal. Jur. 912.

a bank a certain sum of money claimed to have been deposited to plaintiff's account, and in which action the controversy is as to whether one or two deposits of a specified amount were made to plaintiff's account, however impressed the appellate court may be with the testimony on behalf of the bank it can only follow the conclusion reached by the trial court, to the effect that two such deposits were made, where the appellate court cannot say that the evidence of plaintiff does not substantially support the findings in her favor.

(1) 4 C. J., p. 878, n. 82, p. 886, n. 46.   (2) 4 C. J., p. 883, n. 33; 7 C. J., p. 669, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goudge, Robinson & Hughes for Appellant.

W. I. Gilbert for Respondent.

CURTIS, J.—Action brought to recover of defendant and appellant the sum of $452.78, claimed by plaintiff and respondent to have been deposited by her with the Home Savings Bank of Los Angeles, predecessor of appellant. Appellant admits a balance of $52.78 to be due respondent, leaving $400 as the actual amount in controversy. Plaintiff maintained both a commercial and a savings account with the Home Savings Bank, and claims that her husband, W. A. King, on November 8, 1919, deposited to the credit of her savings account in said bank the sum of $400, and that on November 10, 1919, he deposited to her commercial account in said bank a like sum of $400. Appellant admits that a deposit of $400 was made by the said W. A. King to the credit of plaintiff on November 8th, but denies that any other deposit of $400 was made by plaintiff, or by anyone in her behalf on November 10, 1919, or at any other time.

The testimony on behalf of appellant as given by its officers and employees, and fortified by the books and records of the bank, if accepted as true, would present a strong case in appellant's favor. [1] It is, of course, elementary that the determination reached by the trial court upon all matters of fact is binding upon an appellate court, except only

in the single instance where there is no substantial evidence to support its findings. Therefore, the only action within the power of this court is to inquire and determine whether there is any substantial evidence to support the findings of the trial court, and if such evidence is found in the record, then the findings must stand, notwithstanding the satisfactory character of appellant's evidence.

[2] The appellant's evidence tended to show that only one deposit was made by Mr. King to the credit of respondent, and that that deposit was made on November 8, 1919, and consisted of two checks for $15 and $265, respectively, and $120 in currency; that Mr. Schneider, the assistant manager of the bank, who received the deposit, made out an original deposit slip and a duplicate thereof; that the original slip showed the two checks with their respective amounts and $120 in currency; that the duplicate slip simply showed the amount of the deposit—$400. It was stamped "duplicate" and bore the initials of Mr. Schneider, and was given to Mr. King at the time he made the deposit, for the reason he did not have Mrs. King's bank-book with him at the time. Some time thereafter, Mr. King brought to the bank this duplicate deposit slip and Mrs. King's bank-book and handed them to Mr. Mercer who was then a teller in the bank, and the latter entered the deposit of $400 in Mrs. King's bank-book, and retained the duplicate deposit slip. This slip was then placed in the proper file in the bank's records, as had also been done with the original deposit slip. These slips were produced at the trial and the bank officials and employees testified that they were the only deposit slips to be found in the files or records of the bank showing a deposit of $400 made by Mrs. King on November 8th, or on November 10, 1919, or at any other time. These two deposit slips were admitted in evidence and the original marked Exhibit "A" and the duplicate Exhibit "4." The bank-books and records were introduced and they showed only one deposit of $400 made to the credit of the respondent. The evidence of appellant as a whole was to the effect that a deposit of $400 was made in behalf of respondent on November 8th, and that no other deposit of that amount had been made to her credit on that date or upon November 10th, or at any other time, and that the original and duplicate deposit slips admitted in evidence and marked Exhibits

"A" and "4," respectively, were the only deposit slips in the possession of the bank showing a deposit of $400 made by or on behalf of respondent at any time.

Turning from the evidence in behalf of appellant to that produced by respondent, we have in the first place the testimony of W. A. King, the husband of respondent, who testified that he made two deposits of $400 each on behalf of his wife; that he deposited four one hundred dollar bills on November 8th to the credit of her savings account in said bank, and two checks for $15 and $265, respectively, and $120 in currency, amounting in the aggregate to $400, on November 10th to the credit of her commercial account. He further testified that the four one hundred dollar bills deposited by him on November 8th were taken by him from his safe at his home on the day he made the deposit, and that Mr. Schneider, who received the deposit, gave him a duplicate deposit slip with the words "Currency $400.00" written across the face of the slip, as he did not have Mrs. King's bank-book with him at the time he made the deposit; that he took his slip home and placed it in his safe on the same day, and a few days thereafter he took this slip with Mrs. King's bank-book to the bank and one of the tellers took up the deposit slip and entered the deposit in the bank-book and returned the bank-book to him, retaining the deposit slip; that some time thereafter, and after a dispute had arisen between the bank and himself regarding this second deposit, he went with Mr. Carroll Allen, an attorney at law, to the bank and that on that occasion the bank officials produced this deposit slip with the words "Currency $400.00" written across its face, and that he and Mr. Allen examined the same in the presence of the officers and employees of the bank. Mrs. King testified that she saw the slip with the words "Currency $400.00" written across its face, the day her husband brought it home and put it away in the safe. Mr. Carroll Allen also testified that he went with Mr. King to the bank, after the dispute had arisen between Mrs. King and the bank regarding this $400 deposit, and on that occasion the officers of the bank produced a deposit slip with the words "Currency $400.00" written across its face, and that it bore the name of Mrs. King, the date, and a stamp "Duplicate," with a signature or initials under the stamp, and that this deposit slip with the words "Currency

$400.00'' written across its face was neither Exhibit ''A'' nor Exhibit ''4'' admitted in evidence in this case.

However impressed we may be with the testimony on appellant's behalf, we cannot say that the evidence of respondent does not substantially support the findings. With such a conflict in the evidence as is here presented this court can only follow the conclusion reached by the trial court. Judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.