[Civ. No. 7076. Second Appellate District, Division One.—February 19, 1932.]

L. GROOBMAN, Appellant, v. J. H. CALLAHAN, Respondent.

Abe Richman for Appellant.

Blackstock & Rogers and Chas. F. Blackstock for Respondent.

TAPPAAN, J., *pro tem.*—Appellant, who was plaintiff and cross-defendant below, in April, 1928, made with respondent a contract to purchase from respondent walnuts to be grown during that season. The terms of this contract are somewhat uncertain, and this uncertainty, it would seem, was one of the causes leading to this controversy. Appellant in his complaint alleged a breach of this contract by respondent in that respondent had delivered walnuts of inferior quality and further, that respondent had delivered only seven and one-half tons of walnuts while he had contracted to deliver fifty tons. Respondent answered and denied all material allegations of the complaint. Respondent also filed a cross-complaint demanding payment for the seven and one-half tons of walnuts delivered to appellant. Upon the issues thus joined a trial was had, the court found that respondent was entitled to recover for the walnuts delivered to appellant, but allowed appellant damages for respondent's failure to deliver some four and one-half tons of walnuts which he should have delivered under the terms of the contract. From the judgment entered upon these findings this appeal is taken.

Appellant's specifications of error attack the findings made by the court on the ground that the evidence introduced at the trial was insufficient to support them. "It it, of course, elementary that the determination reached by the trial court upon all matters of fact is binding upon an appellate court, except only in the single instance where there is no substantial evidence to support its findings.

Therefore, the only action within the power of this court is to inquire and determine whether there is any substantial evidence to support the findings of the trial court, and if such evidence is found in the record, then the findings must stand, notwithstanding the satisfactory character of appellant's evidence." (*King* v. *California Bank*, 73 Cal. App. 136, 137 [238 Pac. 108, 109].) The contract here involved was uncertain as to just what walnuts were to be included under its terms, and just what was the understanding of the contracting parties as to the term ''Estimated tonnage 50 more or less''. The trial court very properly admitted testimony explaining the circumstances under which the contract was entered into and matters to which it related. (Civ. Code, sec. 1647.) There was substantial evidence to support the finding that respondent was only bound to deliver twelve tons of walnuts under the terms of the contract. The same is true upon the question of quality contended for by appellant. Viewed in the light most favorable to appellant there is but a conflict in the evidence.

For the reasons herein stated the judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.