[Civ. No. 4635. Third Appellate District.—January 4, 1933.]

P. E. IFFLAND, Respondent, v. J. A. JOHN, Appellant.

C. Roy Smith for Appellant.

Todd, Pawson & Watkins and Robert W. Anderson for Respondent.

KING, J., *pro tem.*—The action seeks a judgment that plaintiff and defendant formed a copartnership as building contractors; that the copartnership be dissolved; that the defendant be required to account for alleged profits, and that the amount found remaining to the credit of the copartnership be determined and distributed.

The court below found that there was a copartnership, that a profit of $1200 had been realized, which was held by defendant, that plaintiff had received $350 only of this sum, and gave him judgment for the remaining sum of $250 as his half of the profits.

Defendant appeals, raising two points: 1. The trial court erred in overruling appellant's objection to the admission of respondent's testimony upon the cost of constructing the two houses in question. 2. The evidence does not support the trial court's finding of fact that there remained in the hands of defendant as net profit the sum of $1200.

As to the first point the testimony shows that the partnership was formed by an oral agreement by which the defendant was to secure the contracts and attend to the business affairs, receive, hold and disburse the funds, while plaintiff was to superintend the actual construction of the buildings. They built a house for one Russell for which there was paid to defendant $3,800, and a house for one Cochrane for which he was paid $3,500. Respondent testified that the cost of the Russell house was $2,772.85, while appellant's evidence was that it cost $3,156.85. As to the Cochrane house, respondent stated that the cost was $3,104.40, and appellant that it was $3,639.59. If respondent be correct, the net profit on the two jobs was $1422.75, while appellant's figures would make the amount $503.56, of which respondent's share would be less than the $350 which he admitted receiving.

The learned trial judge very plainly stated at the close of the trial: "I am inclined to discredit the defendant in this case, the manner in which he testified with reference to those checks. . . . The court takes the view such an attitude on the part of the defendant compels the court to cast discredit upon his other testimony. He knew very well it wasn't all labor, that $475.00, and the court is satisfied it wasn't. Some of it was a gambling debt, and he certainly

misinterpreted the situation to the court. When courts find parties doing that, they are not entitled to much sympathy nor much credence. It is just one of those little straws which show which way the wind blows.''

▉ The testimony specified in appellant's brief to which objection was overruled included the following: ''Q. What was the cost of construction of each of the Russell and Cochrane jobs?'' This was objected to as incompetent, irrelevant and immaterial, the objection concluding: ''There is no foundation to show this witness knows. In fact, his testimony throughout this whole trial has been Mr. John attended to the business end of the construction.'' The witness, respondent, was using books kept by himself, the entries in which he stated were made by direction of the appellant, and at the time of the transaction. On cross-examination he further testified that the source from which he got his figures was from Mr. John, saying ''We compared our figures.'' It appears, and the lower court found, that the parties were partners. The plaintiff was a carpenter and contractor who performed labor on and superintended the construction of both the buildings in question. His statement of the cost was that of one who at least was somewhat familiar with the facts of which he was testifying, and was therefore a competent witness, and the objection was properly overruled.

▉ The second point, that the court's finding as to the cost of the buildings is not supported by the evidence, is equally untenable. The court in the very recent case of *Fales* v. *New York Life Ins. Co., ante,* p. 201 [17 Pac. (2d) 174], uses this language: ''A trial court is not bound to decide in conformity with the declaration of any number of witnesses who do not produce conviction in its mind against a presumption or other evidence satisfying its mind.'' And in the case of *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 Pac. 1157, 1158], occurs this expression, very applicable to the instant case: ''It must be borne in mind that in examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account as well all inferences which might reasonably have been thought by the trial court to lead to the same conclusion.

Every substantial conflict in the testimony is, under the rule which has always prevailed in this court, to be resolved in favor of the finding.''

''The decision of the trial court upon questions of fact is conclusive upon the appellate court, in so far as there is any substantial evidence, tending fairly, with such inferences as may be reasonably drawn therefrom, to support such decision.'' (*Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720, 721].)

''The determination reached by the trial court upon all matters of fact is binding upon an appellate court, except only in the single instance where there is no substantial evidence to support the finding of the trial court, and if such evidence is found in the record, then the finding must stand, notwithstanding the satisfactory character of appellant's evidence.'' (*King* v. *California Bank*, 73 Cal. App. 136 [238 Pac. 108, 109].)

These decisions amply justify the finding attacked here.

The judgment of the trial court is affirmed.

Pullen, P. J., and Plummer, J., concurred.