[Civ. No. 4634.   Third Appellate District.—April 24, 1933.]

C. L. ANDREWS et al., Respondents, v. P. M. REIDY et al., Appellants.

I. Henry Harris for Appellants.

Leonard L. Meyberg for Respondents.

KING, J., *pro tem.*—The action of *Andrews* v. *Reidy et al.* was brought for declaratory relief, etc. The Andrews owned a note secured by mortgage for $31,000. This note and mortgage had been assigned to a bank as collateral security for a loan. The bank began foreclosure proceedings which proceeded to judgment. The Andrews entered into an arrangement with P. M. Reidy whereby he should

advance money necessary to pay off the Andrews' loan to the bank and the interest and costs of the foreclosure proceedings. Under this arrangement Reidy was to bid in the property at the foreclosure sale and hold the commissioners' certificate of sale as security for the money advanced. This was done. Reidy bid in the property for the full amount due on the judgment, advancing $12,000 to pay off the Andrews' loan to the bank and crediting the balance on the judgment, which had been assigned to him. The commissioner's certificate of sale was issued to Reidy. Thereafter the property was redeemed by the owners, the commissioner receiving $42,837.21 on the redemption. At this point the present action arises. The Andrews brought the suit, claiming that the $12,000 was loaned by Reidy with the understanding that in lieu of interest he was to receive $1000 additional if repaid his loan at once; $1500 if paid within three months; $2,000 if after three months and within six; with an additional $500 for each three months of delay up to thirteen months, receiving $3,000 if the payment were made more than nine and less than thirteen months after the money was advanced. The Andrews claimed that Reidy was entitled to only the original $12,000 advanced with the additional $3,000 for bonus or interest, and that they were the owners of the balance of the redemption money. Reidy, on the other hand, claimed that he was to receive his original payment of $12,000, and that the remainder of the fund was to be divided equally between himself and the Andrews. The commissioner, Louis E. Kearney, commenced an action interpleading the two claimants, deposited the money in court, and was granted a judgment in interpleader. The two actions were consolidated.

Plaintiffs had judgment and defendants Reidy appeal.

Appellants first attack nine of the findings, stating that there was no evidence upon which to support them, and allege that the conclusions of law and the judgment based thereon are without support in the findings. It would serve no good purpose and unduly prolong the opinion to quote the conclusions of law here. It is sufficient to say that in the opinion of the court the findings of fact, as made, do support the conclusions of law and the judgment, and thus the first point resolves itself into a discussion as to whether the findings are supported by the evidence.

The courts have frequently held that the findings of the lower court are not to be set aside if there be any evidence whatever which supports them. This court will not balance the evidence for and against, but will uphold the findings if any evidence appears in the record which supports them. An appellate court must accept as true all evidence tending to establish the correctness of the finding as made. (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 Pac. 1157]; *Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]; *Fales* v. *New York Life Ins. Co.,* 128 Cal. App. 201 [17 Pac. (2d) 174].)

"The determination reached by the trial court upon all matters of fact is binding upon an appellate court, except only in the single instance where there is no substantial evidence to support the finding of the trial court, and if such evidence is found in the record, then the finding must stand, notwithstanding the satisfactory character of appellant's evidence." (*King* v. *California Bank,* 73 Cal. App. 136 [238 Pac. 108, 109].)

Finding IV, which is objected to by appellants, finds that no pledgee's sale has ever been had or made of said judgment by the bank, and that the bank at all times held the judgment of $38,320.96 as a pledge of Charles L. Andrews and Anna L. Andrews to assure their indebtedness to the bank. Evidently the objection to this finding is an error because appellants' counsel in his opening brief (pages 9 and 10) states that the mortgage was assigned to the bank as security, and that when the mortgagor defaulted, the bank foreclosed and took judgment for $38,320.96.

Findings V to XIII, inclusive, find all the facts as claimed by respondent, and are all attacked by appellant except No. XI, which finds that the redemption from the foreclosure sale took place and the money was paid to the commissioner and by him deposited in court.

The reporter's transcript has been carefully read from beginning to end, and without specifying the evidence, it satisfactorily appears that the transcript contains substantial evidence on each and every fact found supporting the findings, and therefore the "determination reached by the trial court is binding upon" this court.

Counsel for appellants devotes considerable space in his brief to a discussion of what is designated as "Point

II'', which is as follows: ''The attitude and conduct of the trial judge throughout the proceedings, toward counsel for the appellants humiliated and degraded him. As a result, counsel for appellants lost his poise, self-possession and normalcy, and was unable to properly conduct his clients' cause.'' We have examined the entire record bearing upon this subject, and while it is often true that the trial of a lawsuit, with the high tension to which zealous lawyers and trial judges are subject, causes regrettable controversies and unpleasant clashes to occur, yet this court is unable to find any ground in the events narrated in the transcript in the instant case to justify a reversal of the decision of the trial court.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.