[L. A. No. 14861.   In Bank.—September 15, 1936.]

C. L. ANDREWS et al., Respondents, v. P. M. REIDY, Appellant.

I. Henry Harris and I. Henry Harris, Jr., for Appellant.

Maurice R. Carey, John A. Gorfinkel, Lloyd Hummel, O'Melveny, Tuller & Myers, Louis W. Myers, Mathes & Sheppard, James C. Sheppard and F. Eldred Boland, as *Amici Curiae* on Behalf of Appellant.

Leonard J. Meyberg and Paul M. Joseph for Respondents.

Charles A. Christin, Harry K. Sargent and L. J. Styskal, as *Amici Curiae* on Behalf of Respondents.

CURTIS, J.—The plaintiffs, Charles L. Andrews and Anna L. Andrews, his wife, were the owners of a promissory note for $31,000 secured by a mortgage on real property. They borrowed from a bank the sum of $6,000, and gave said note as security, and made a written assignment to the bank of the mortgage. They defaulted in the payment of their interest on the note to the bank, and the bank instituted foreclosure proceedings on the mortgage. That action proceeded to judgment, and a commissioner was appointed by the court to sell the mortgaged property under the decree of foreclosure. The plaintiffs were without funds to stay the foreclosure proceedings, and they appealed to the defendant, P. M. Reidy, for financial assistance. An agreement was made between them whereby Reidy was to bid in the mortgaged property at the commissioner's sale for the amount of the judgment against it and hold the commissioner's certificate of sale as security for the money advanced on behalf of the plaintiffs. Reidy paid to the bank the sum of $12,000 in full settlement of its claim. After the sale of the mortgaged premises and the delivery of the certificate of sale to Reidy, the owner of the mortgaged property redeemed it from the foreclosure sale, and paid to the commissioner something over $42,000 for that purpose. A disagreement then arose between them

as to the proper division of the money in the hands of the commissioner. The plaintiffs contended that under their agreement Reidy was entitled to the sum of $15,000 and no more, and that they were entitled to the balance of said fund. Reidy, on the other hand, claimed that he was entitled to one-half of the balance of the redemption fund after the payment to him of the sum of $12,000. The plaintiffs instituted an action for declaratory relief. The commissioner followed almost immediately with an action in interpleader in which he made each of the parties hereto parties defendants in said action. Other actions were instituted by the several parties but all involved the proper division of said redemption money between the plaintiffs and the defendant. These actions were all consolidated, and on the trial in the superior court were tried as one action. After the filing by the commissioner of the interpleader action and the pleading of the respective parties hereto setting forth their claims to the redemption money then in the hands of the commissioner, the trial court upon the stipulation of the plaintiffs and defendant in this action made what it termed an interlocutory judgment by the terms of which the commissioner was authorized and directed to pay to the plaintiffs and defendant each the sum of $15,000 and to deposit the balance of said redemption money in a certain bank pending the further order of said court. In compliance with the terms of this stipulated interlocutory judgment, $15,000 of said redemption money was paid to the plaintiffs, and a like sum was paid to defendant, Reidy. The consolidated actions were thereafter tried, and a final judgment was rendered therein by which the balance of said redemption money was awarded to the plaintiffs. This judgment was affirmed on appeal. (*Andrews* v. *Reidy*, 131 Cal. App. 334 [21 Pac. (2d) 457].) After the entry of said interlocutory judgment and the payment of said sum of $15,000 to the plaintiffs and a like sum of $15,000 to the defendant, and within one year from the date of said payments, the plaintiffs brought this action against the defendant, Reidy, to recover the sum of $9,000, basing their action upon the claim that of said sum of $15,000 paid defendant, $3,000 thereof was interest, and that the contract under which said payment was made was usurious, and, therefore, the payment of interest was illegal, and they asked for treble interest by reason of

such illegal payment. The defendant answered and among other defenses set up the prior judgment rendered in the consolidated cases as *res judicata* and as an estoppel against plaintiffs' present cause of action. On the trial of this action the defendant contended that by reason of the prior judgment in the consolidated actions, the question of the right of the defendant to receive said sum of $15,000 was finally determined by the court, and if plaintiffs sought to question defendant's right to said sum or any part thereof on the ground that the contract under which it was paid was usurious, they should have made said defense in the action in which it was determined that defendant was entitled to said sum, and by failure to plead the defense of usury in that action, the plaintiffs waived any and all right to thereafter urge that defense. The trial court decided adversely to defendant on this contention, and rendered judgment in plaintiffs' favor for treble the amount of interest paid. From this judgment, the defendant has appealed.

█ Appellant's contention that the plea of usury should have been made in the prior actions, and that respondents' failure to do so waived any rights growing out of the usurious payments, we think must be sustained. Had the respondents interposed in the consolidated actions the plea of usury, and had they sustained that plea by proper proof, the trial court would have been compelled to limit the amount of appellant's recovery in said consolidated actions to the principal sum advanced by him for the use of respondents, which would have been the sum of $12,000. But, as we have seen, the respondents made no such defense in said actions, nor did they raise the usurious character of said agreement in any manner whatever. Nor did the court, as it might have done upon its own motion, raise the question of usury. The parties in the consolidated action subsequently went to trial for the purpose of determining how the redemption money should be divided between them. Proper pleadings showing that this was the sole issue in said actions were filed by the respective parties. The trial court found, and its final judgment was affirmed on appeal, that the appellant, Reidy, was entitled only to the sum of $15,000 out of said redemption fund, and that the respondents were entitled to the balance of said fund. The

legal effect of this judgment was that respondents herein recovered judgment against the appellant for the amount of said fund, less the sum of $15,000, and that appellant, Reidy, recovered judgment against the respondents for said sum of $15,000. The rights of each of the parties to said fund were finally and completely determined and adjudicated by the judgment in said consolidated actions. The failure of the respondents to claim in the consolidated actions, which we will hereafter refer to as the first action, that the contract between them and the appellant was void or illegal, for the reason that the rate of interest charged exceeded that permitted by the usury law, did not permit them to raise this same question in the present action. This principle of law has been definitely determined by an unbroken line of authorities by the courts of this state. (*Quirk* v. *Rooney,* 130 Cal. 505, 510 [62 Pac. 825] ; *Bingham* v. *Kearney,* 136 Cal. 175, 177 [68 Pac. 597] ; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 511 [258 Pac. 387, 390].) In the last-mentioned case this court states the rule as follows: "Appellants, however, apparently have a misconception of this rule. They seem to contend that an issue heard and determined in a former case is binding only as to such grounds supporting or opposing said issue as were actually urged and litigated. But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. In other words, when an issue has been litigated, all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto. This rule has been aptly stated as follows: 'It is important to note in this connection, however, that even though the causes of action be different, if the second action involves a right, title or issue as to which the judgment in the first action is a conclusive adjudication, the estoppel so far as that right, title or issue is concerned must likewise extend to every matter which was or might have been urged to sustain or defeat the determination actually made.' (Freeman on Judgments, 5th ed., sec. 677, p. 1432.) To the same effect see *Sullivan*

v. *Triunfo Gold etc. Min. Co.,* 39 Cal. 459. Numerous California cases may be found where this rule has been applied."

The court in that action further says: "This principle also operates to demand of a defendant that all his defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter urge them." Applying this principle to the facts in the present action, when the appellant in the action to determine the ownership of the redemption money, claimed that he was entitled to $12,000 and one-half of the balance of said fund, after deducting said sum of $12,000, it was the duty of the respondents herein to set up in the prior action all their defenses to the claim of appellant urged therein under penalty of forever losing their right to thereafter urge said defenses. The intent and reason of the rule is stated by the court in the following quotation: "The defendant in an action is ordinarily required to set up all his defenses which do not constitute separate causes of action, and if he neglects to do so is concluded by the judgment rendered in such action. The judgment operates as *res judicata,* not only in regard to the existence of the plaintiff's cause of action, but as to the nonexistence of the defense which was not pleaded. The reason for this rule lies in the principle that there must be an end to litigation, and where a party has an opportunity to present his defense and neglects to do so, the demands of the law require that he shall take the consequences. (15 R. C. L., sec. 446, pp. 969, 970.)" (*Price* v. *Sixth District Agricultural Assn., supra.*)

The same rule as applied directly to judgments where the debtor has failed to plead the defense of usury in the first action is aptly stated in the following language: "A borrower against whom judgment has been obtained for the principal with usurious interest cannot afterwards recover back the usurious excess in an action at law, as the judgment operates as an estoppel. The ground upon which this rule is based is that the borrower should have interposed his defense of usury in bar to the judgment, and that having failed to do so he is barred by his neglect." (27 R. C. L., p. 272, citing notes to 54 Am. Dec. 402, 22 Am. Rep. 292, 22 Am. St. Rep. 41; 12 L. R. A. (N. S.) 660, and 3 L. R. A. (N. S.) 715.)

The respondents, however, seek to make a distinction between usury as a defense to an action of the creditor to recover his loan with interest, and usury as a basis of an action to recover treble the interest actually paid. They contend that the defense of usury existed during the pendency of the first action and might have been interposed in said action and when interposed and proven it would have defeated the appellant's right of action in so far as the interest on his claim was concerned. On the other hand, they contend that their right to recover treble interest paid only arose upon the actual payment of said interest. Therefore the respondents argue that while in the first action they could have interposed usury as a defense to the claim of the appellant for interest, they could not interpose their right to treble interest until after they had paid the interest which in the former case was after the said action had been begun. It seems to us that respondents lose sight of the fact that the basis of these rights is the same. Each right is based solely upon the claim that the contract calling for interest is charged with usury. If the debtor in an action brought by the creditor to enforce the contract seeks to defend on the ground that the contract is usurious, he must prove that fact in order to sustain his defense. In an action brought by the debtor to recover treble interest, before he is entitled to recover, he must prove that the contract under which the payment was made was illegal and void by reason of its being charged with usury. This issue is the same in each action, and after a judgment in the prior action has been rendered it is decisive of the issue when raised in the second action. The fact of payment is only one element of a debtor's right of action in a suit brought to recover treble interest. Until he establishes that the contract under which the payment was made was usurious, the payment of interest thereunder gives him no right of action against the creditor. Therefore when the debtor has failed to establish the defense in the prior action or failed to raise the issue as to the usurious character of the contract in that action and the court in the prior action for any reason renders judgment against him for the interest claimed by the creditor, he cannot, according to the authorities cited above, again raise this issue in any subsequent proceeding.

. It is not necessary for us to pass upon the question as to whether the respondents were precluded from recovery in the present action by reason of their failure to interpose in the prior action a counterclaim for treble interest paid by them. We are not deciding that question, but rest our decision solely on the ground that the prior judgment between these parties had determined adversely to the respondents the essential issue upon which they rely in the present action. This conclusion must follow irrespective of whether the usury law enacted in 1919, or any part thereof, is now in force after the adoption of section 22, article XX, of the Constitution in 1934. If the usury law has been repealed by the adoption of that section of the Constitution as appellant contends, then the plaintiff's cause of action would fall with the repeal of the law. In our discussion of the controversy involved herein we have assumed, simply for the purpose of this action, that the usury law is still in force, but notwithstanding its provisions the respondents' claim cannot be sustained. It is therefore not necessary nor proper for the decision of any issue in this case to pass upon the question as to the repeal of the usury law by the enactment of section 22, article XX, of the Constitution. Having held that the respondents have failed to make out a case of the violation of the usury law by the appellant, if any such law is now in force, any opinion which we might render upon the question of the repeal of such law by the adoption of section 22 of article XX of the Constitution would be the mere expression of the opinion by this court on that question and binding upon no one. Solely for that reason, we are leaving this question undecided, notwithstanding the parties hereto and numerous *amici curiae* have filed extensive and exhaustive briefs in support of their respective views upon the question of such repeal.

The judgment is reversed. The facts in this case are not disputed and practically the entire record in the present action is made up of the records in the consolidated actions. In view of this fact, a retrial of this action would only entail a useless expense to each of the parties hereto. It is therefore ordered that the trial court set aside its findings theretofore made, and make new findings in accordance with the views herein expressed, and upon such new findings

render judgment in favor of the appellant that respondents take nothing by said action.

Shenk, J., Thompson, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.