[Civ. No. 12095. First Dist., Div. One. Oct. 6, 1942.]

FRANK DOWD et al., Respondents, v. ELSIE GLENN et al., Defendants; CLARENCE J. DALBEY, Appellant.

T. L. Chamberlain, Thos. F. Sargent and Gerald Beatty Wallace for Appellant.

Lowell L. Sparks and R. C. McKellips for Respondents.

WARD, J.—This is an appeal by defendant Dalby from a judgment for plaintiffs in an action to have their rights and duties as beneficiary and trustees of a certain deed of trust upon real property declared and determined.

On August 9, 1933, defendant Elsie Glenn and her husband borrowed $1,000 from plaintiff Frank Dowd, and, to secure payment of a note in this amount and further advances, executed a deed of trust upon a dairy ranch, respondents George Mariner and Harold Brown being named as trustees. The property was subsequently deeded to Mrs. Glenn by her husband in 1935 shortly before his death. Thereafter Mrs. Glenn obtained further loans from Dowd upon her promissory notes in amounts as follows: July 6, 1935, $839.75; November 25, 1935, $200; February 1, 1936, $100; notices of these advances made upon the security of said deed of trust being recorded in the office of the recorder of Placer County.

The ranch in question is located within the boundaries of the Nevada Irrigation District. In 1935, Mrs. Glenn failed to pay the amount assessed against said land by the district, and on August 8, 1936, the property was sold by the collector thereof to the district for the delinquent assessment and was formally deeded to the district on September 12, 1939, without any right of redemption. Neither Mrs. Glenn nor Dowd paid any assessments levied by the district subsequent to 1935, although there is testimony that Dowd was advised of the delinquency.

In the meantime, on August 1, 1939, only eight days before the original note would have outlawed, respondent Dowd recorded notice of breach and election to sell under the trust deed. On October 17, 1939, Mrs. Glenn filed a petition in bankruptcy, listing among her assets the dairy ranch, and among her obligations the indebtedness secured by the trust deed to Dowd and a second deed of trust on the property. She testified that she took such action to stay the foreclosure proceedings and to give her a "breathing spell" with her creditors. Dowd attended meetings before the conciliation commissioner in bankruptcy, and in the course of the proceedings offered a year's extension on the note and deed of trust. On December 4, 1939, while the petition before the conciliation commissioner was still pending, appellant Dalbey, the brother of Mrs. Glenn, called at the offices of the irrigation district, identified himself as the brother of Mrs. Glenn and told the manager that he wanted his sister to continue to live on the property; that he hoped she would be in a position to pay all her old debts, and that allowing her to remain on the property would give her this opportunity. In response to a question by the manager of the district as to whether a proposed purchase of the property by him would meet with the approval of his sister, he testified: "I think I told him it would be satisfactory, or I thought it would be." Dalbey made a bid therefor, and the property was deeded to him, unencumbered, on December 11, 1939, for the sum of $50, said deed being later recorded. He testified that he purchased the property after consultation with his attorney, and believing it to be free of the Dowd lien; that he would not otherwise have made the purchase. Several days after its purchase, Dalbey leased the property to his sister for the sum of $30 a month and she has continued in undisputed possession, so far as her brother is concerned, although she has made no payments of rental.

There was testimony that it was the practice and policy of the officers of the irrigation district to allow the original owner to buy back tax deeded property for the approximate amount of delinquent assessments, penalties and interest; that the same concession was generally extended to any other person "satisfactory" to the original owner. If the property had been abandoned by the original owner and he did not seek to repurchase directly, nor to have the land sold to someone "satisfactory," the practice of the district was to have an

investigation made to determine what the property could reasonably be sold for.

Appellant contends that the evidence is not sufficient to support the judgment declaring his title to the property to be subject to sale under the deed of trust, which, he claims, ceased to be a lien when the property was deeded to the irrigation district; that he purchased the property "free of all encumbrances" pursuant to section 48 of the California Irrigation District Act, including the deed of trust which antedated the assessment from which the property was not redeemed and by reason of which it had been sold to the district; that no fraud was proven in connection with his purchase of the property with his own funds, obtaining thereby an admittedly valid title though held for the benefit of the trustor under the deed of trust; that the trial court committed error in admitting evidence of an alleged custom of the district to sell property to a previous owner, or a person agreeable to such owner, for the amount of assessments and costs, when no knowledge of such custom was chargeable to him; and that, as purchasers from irrigation districts, brothers and sisters of former land owners should not be placed in any different category than strangers.

Appellant contends first that the demurrer to the complaint should have been sustained. The demurrer interposed by Dalbey, the only appellant, is general. Some of the objections now urged, if presented by way of special demurrer, might have merit. In the main, appellant's contention is that the complaint fails to state a cause of action in that the plaintiffs are not entitled to the relief sought; in other words, that an action for declaratory relief is not a proper method of testing whether plaintiffs have a subsisting lien.

The complaint shows the existence of an actual present controversy with a protectible interest in the complainants (*Pacific States Corp.* v. *Pan American Bank,* 210 Cal. 472 [292 Pac. 494]), which fact, if true as alleged, justified the granting of declaratory relief (*Merkley* v. *Merkley,* 12 Cal. (2d) 543 [86 P. (2d) 89]) to the beneficiary under the trust deed. (*R. G. Hamilton Corp.* v. *Corum,* 218 Cal. 92 [21 P. (2d) 413].) Such allegations in an action for such relief are sufficient against a general demurrer. (Code Civ. Proc., § 1060; *Andrews* v. *W. K. Company,* 35 Cal. App. (2d) 41 [94 P. (2d) 605]; *Frasch* v. *London & Lancashire F. Ins. Co.,* 213 Cal. 219 [2 P. (2d) 147].)

Other points urged by appellant to the effect that an ac-

tion for declaratory relief is not the proper remedy are primarily directed to the claim of insufficiency of the evidence, and that, under the provisions of the California Irrigation District Act, (1 Deering's Gen. Laws (1937), Act 3854, pp. 1824-1830), respondents no longer had a lien against the property upon its purchase ˙by appellant. Upon delinquency in the payment of an irrigation district assessment the land is sold by the district collector to the district, which receives a certificate of sale. (§ 43.) The district may transfer the certificate for a consideration of not less than the amount of the assessment, penalties and costs. (§ 45.) If the property is not redeemed in three years the collector executes a deed to the district. (§ 47.)

Referring to a deed issued by the collector of an irrigation district, section 48 (Stats. 1931, p. 441) provides: ''Such deed duly acknowledged or proved is (except as against actual fraud) conclusive evidence of the regularity of all the proceedings from the assessment by the assessor, inclusive, up to the execution of the deed. The deed conveys to the grantee the absolute title to the lands described therein free of all encumbrances, except when the land is owned by the United States, or this state, in which case it is prima facie evidence of the right of possession.'' (Deering's Gen. Laws, Act 3854, § 48, p. 1834.) In 1937 (Stats. 1937, p. 379), section 47 was amended to include the following provision: ''The district may also sell, convey, lease, give and also take options upon, and issue and take contracts of sale upon and otherwise deal with such property including sale of the same to a former owner or holder of said property, on such terms and at such price as may be approved by the board of directors.'' (Deering's Gen. Laws, Act 3854, § 47, p. 1832.) Reading the section as amended, it must be determined that the Legislature has formulated a policy of permitting a former owner to purchase land from an irrigation district upon terms approved by the board of directors, and that the deed thereupon given is conclusive evidence of the regularity of the proceeding ''except as against actual fraud.''

In a case such as the present it becomes important to ascertain the rules, regulations and customs of the board in fixing terms and price in a sale to the former owner. The evidence was admissible if, as previously noted, the facts indicated that appellant was in fact acting for his sister. The evidence shows that the sale would not have been made to him at the

price fixed had he not been "satisfactory" to the original owner.

In *Garvey* v. *Byram,* 18 Cal. (2d) 279 [115 P. (2d) 501, 136 A. L. R. 1137], a proceeding to compel a county tax collector to execute a deed to the former owner of property after a tax lien had attached and the property had been deeded to the state, the property was placed on public sale, whereupon the owner made the highest bid therefor, less, however, than the amount of the delinquency. The majority opinion there held that Political Code, section 3834.25 provided no specific exclusion of bids by former owners, and, at pages 282-283, that: "The court would thus be required not only to circumscribe the rule of the cases cited, but to run counter to express statutory provisions in order to formulate a policy, which finds no express legislative sanction, that defaulting owners may bid at tax sales. It is for the legislature and not the courts to formulate such a policy. The petition for a peremptory writ of mandate is denied." In the present situation, an express legislative sanction has been given to bidding by defaulting owners (§ 47) and the property may be sold to them on such terms and at such price as may be approved by the board of directors of the irrigation district "except as against actual fraud." We turn, therefore, to the findings.

The court found that a confidential relationship existed between appellant and his sister, and that they had fraudulently conspired and colluded to deprive plaintiffs of their lien, and that, except for the representation that appellant was taking title "for the use and on behalf of his sister," the district would not have sold property of the value of at least $3,500 to him for $50. This appeal, unlike that of the Garvey case, involves the rights of a third person. The findings are substantially supported by the facts as previously recited. The question whether appellant was buying for himself or on behalf of his sister was for the determination of the trial court based upon direct or indirect evidence or inferences drawn therefrom. The claim of appellant that he sought to obtain the ranch without the knowledge of his sister is inconsistent with statements made to the irrigation board, and with his conduct throughout the whole transaction. The testimony of a witness may not be disregarded, but the trier of the facts is not bound to decide in conformity with such declaration if an inference may reasonably be drawn from other evidence that it is untrue, or if there is any reasonable ground to disbelieve the witness. An appellate court should

accept as justified the evident and plain conclusion of the trial court on the question of the credibility of a witness made evident by its findings. (*Minikin* v. *Hendrix*, 15 Cal. (2d) 338 [101 P. (2d) 473]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513]; *Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140 [134 Pac. 1157]; *Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720]; *Iffland* v. *John*, 128 Cal. App. 531 [17 P. (2d) 1028].)

So, we are faced with the problem of a third party endeavoring fraudulently to advance his own interest or to conserve that of a defaulting owner. ▮ It was not intended, and it is not the law, that a tax collector's deed should vest title in a grantee free and clear of all encumbrances "of any kind" (*Garvey* v. *Byram, supra*) existing before the sale when "actual fraud" is proven (Stats. 1939, chap. 529, § 3836.1, p. 1921), or, in the case of a sale under the California Irrigation District Act, an absolute title, free "of all encumbrances," in the presence of actual fraud. (§ 48.) ▮ There is support in the record to sustain the finding "that defendant Elsie Glenn and Clarence J. Dalbey further conspired and colluded together that although the title to said property should be taken in the name of Clarence J. Dalbey that the ranch in truth and in fact should belong to Elsie Glenn and that she would at all times live upon said property, and exercise all the prerogatives of ownership thereof," and the conclusion of law based thereon that appellant held such interest in trust (Civ. Code, § 2224; *Cummings* v. *Cummings*, 55 Cal. App. 433 [203 Pac. 452]; 25 Cal. Jur., p. 146, 42 A. L. R. 10; 54 A. L. R. 1195) for the use and benefit of respondents in accordance with the terms of the deed of trust. ▮ A property owner may not sever the rights of a beneficiary under a trust deed by allowing irrigation assessments to become delinquent and then, through the assistance and connivance of a third party, reacquire the title to the detriment of the junior lien claimant. (*Christy* v. *Fisher*, 58 Cal. 256; *Moss* v. *Shear*, 25 Cal. 38 [85 Am. Dec. 94]; *Gates* v. *Lindley*, 104 Cal. 451 [38 Pac. 311].) Appellant, not being an innocent purchaser, but, on the contrary, the perpetrator of a legal fraud, whatever interests he obtained under the deed from the district could not give him a greater advantage than would have been gained by his sister, the owner, had she purchased at the sale. (*Cummings* v. *Cummings, supra; Moss* v. *Shear, supra.*)

Finally, appellant urges that the trial court erred in not holding that respondents were barred by laches in failing to redeem the property; in other words, that, under the deed of trust they had the right to pay assessments and to be secured therefor, but neglected to exercise it. Whatever right existed, no duty was imposed upon respondents to pay the delinquent taxes, and their failure to do so was not a waiver by them of their interest as beneficiary and trustees under the deed of trust. In addition, it may be said that the defense of laches is intended to protect the innocent, not those who seek to circumvent a statutory provision to the detriment of another. (*Ex-Mission L. & W. Co.* v. *Flash,* 97 Cal. 610 [32 Pac. 600]; *Hovey* v. *Bradbury,* 112 Cal. 620 [44 Pac. 1077].)

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied November 5, 1942, and appellant's petition for a hearing by the Supreme Court was denied December 3, 1942.