[Civ. No. 19121.   First Dist., Div. One.   Jan. 23, 1961.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff, v. EUGENE A. TALIAFERRO, Appellant; DOROTHY TALIAFERRO, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

DUNIWAY, J.—Appellant Taliaferro appeals from a judgment in a condemnation action which determined that the proceeds ($416.67) of Lot 1, Block 110, Richmond Annex Addition, should be divided equally between appellant and his former wife, respondent Davis [sued herein as Dorothy Taliaferro]. The judgment is based upon a finding that the parties acquired the property during their marriage, by a grant deed dated October 7, 1936, and that it was acquired with community funds. The court also found that respondent conveyed her interest in the property to appellant in 1951, but that the conveyance was by way of mortgage to secure a loan of $65. The judgment, however, makes no allowance for this obligation. At oral argument, counsel for respondent conceded that the judgment should have provided for a deduction of that amount from respondent's share.

Appellant claims error in that (1) the evidence does not support the judgment; (2) appellant acquired the entire title to the property by purchasing it from the state, to which it had been conveyed for delinquent taxes; (3) respondent's testimony should not have been believed; (4) the property was not affected by a property settlement agreement between the parties; (5) the court abused its discretion in refusing to reopen the case to allow appellant to prove acquisition of title by adverse possession; (6) it was error to refuse to permit appellant to amend his pleading during the trial. We find no merit in these contentions.

■ 1. *The evidence supports the judgment.*

The deed whereby the parties acquired the property in 1936 is alleged in appellant's own cross-complaint. Respondent testified that it was acquired during the marriage. The deed shows that she and appellant were joint tenants. These facts would entitle respondent to one-half the proceeds of the condemnation, whether the property was purchased with community funds or not. There is no contrary evidence in the record. Respondent testified that the deed she gave appellant in 1951 was to secure a loan from him to her of $65. The court evidently believed her.

■ 2. *Appellant cannot rely upon his tax title.*

Appellant, as joint tenant, "being an owner, and being under 'a legal or moral obligation to pay the taxes, he could not, by neglecting to pay the same, and allowing the land to be sold in consequence of such neglect, add to or strengthen his title by purchasing at the sale himself, or by buying from a stranger who purchased at the sale.' (*Moss* v. *Shear,* 25 Cal. 45 [85 Am.Dec. 94].) " (*Emeric* v. *Alvarado,* 90 Cal. 444, 464 [27 P. 356] ; see also *Christy* v. *Fisher,* 58 Cal. 256.) *People* v. *Maxfield,* 30 Cal.2d 485 [183 P.2d 897], on which appellant relies, is not to the contrary; rights as between cotenants were not there involved.

■ 3. *The court could, and evidently did, reject part of respondent's testimony and accept part of it.*

Respondent testified that two other lots involved were also acquired during the marriage. The record shows that they were not, and appellant had judgment as to the proceeds of those lots. This does not require us, nor did it require the court below, to reject all of her testimony. (*Showalter* v. *Western Pacific R. R. Co.,* 16 Cal.2d 460, 479 [106 P.2d 895].)

■ 4. *The property settlement agreement is a false quantity in the case.*

While the agreement was offered and received in evidence, there is nothing in the record indicating that the court relied on it in any way in deciding the case. In fact, the court struck out of respondent's proposed findings language relating to the agreement. The case for respondent was complete without it.

■ 5 and 6. *The court properly denied the motions to amend and to reopen.*

These matters were within the court's discretion, and no abuse thereof appears. Both matters related to the statute of limitations and appellant's claim that he had acquired title to respondent's interest by adverse possession. The question was not raised in any way by the pleadings, and no evidence to support appellant's position came in during the trial. The court could properly conclude that the point was without substance, and that in any event it had been waived.

At oral argument, a question was raised as to interest on the $65 due from respondent to appellant. No evidence on this question was offered by either side. However, it appears that at the time of the loan the parties were still friendly, and it can be inferred, in view of the small amount involved, that the advance was a personal accommodation, not intended to bear interest.

The judgment is modified by adding to paragraph 2 thereof the following: "There shall be deducted from the one-half thereof apportioned to defendant Dorothy Davis and added to the one-half thereof apportioned to defendant Eugene A. Taliaferro, the sum of $65.00." As so modified, the judgment is affirmed. Each party shall pay his or her own costs on appeal.

Bray, P. J., and Tobriner, J., concurred.